## 76991. LONG v. THE STATE.

(375 SE2d 274)

POPE, Judge.

Ernest F. Long, Jr., was found guilty of statutory rape of his nine-year-old step-granddaughter, and appeals from the denial of his motion for new trial.

1. Appellant contends that the evidence was insufficient to support his conviction, and that the trial court erred in denying his motion for directed verdict, because the child's testimony was not corroborated as required by OCGA § 16-6-3. We do not agree. "Prior consistent statements of a witness who takes the stand and is subject to cross-examination are admissible as substantive evidence. See *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985)." *Newberry v. State*, 184 Ga. App. 356, 357 (1) (361 SE2d 499) (1987).

The victim testified both directly and under cross-examination that on at least ten occasions her fourteen-year-old stepbrother had performed sexual acts upon her, and that one of these occurred while her family was visiting at appellant's house on the Saturday before the holiday honoring Martin Luther King, Jr. Appellant discovered her and her stepbrother locked in the bathroom together. When she came out, appellant had her pull down her pants, and then he pulled down his pants and "put his private inside mine," while she stood in front of him. Appellant then told the victim not to tell anyone or he would tell on her and her stepbrother. Shortly thereafter, appellant told the victim's stepfather, his son, that he suspected there was some sexual activity going on between the victim and her stepbrother, and to keep an eye on the boy. When the victim's mother questioned her, the child readily told her about what her stepbrother had done; she was taken to the emergency room for examination where it was discovered that she had a gonorrheal infection in her throat, for which she was treated. The stepbrother, who was also tested but found negative for gonorrhea, was taken into custody by juvenile court authorities.

The child's mother testified that she was convinced that something else was bothering the child, but when she asked her she said "she didn't think she should tell. . . ." In a subsequent conversation the victim did tell her mother about appellant's actions and her parents informed appellant's wife, who asked them not to go to the police at that time because appellant's mother was dying. Before the parents notified authorities, the victim was interviewed by a Department of Family and Children Services protective custody investigator, to whom she also revealed the sexual assault by appellant. This was reported by the investigator to the police. Appellant was tested and found negative for gonorrhea, but was apparently being treated with

antibiotics for another ailment.

"The statutory rape statute provides no conviction shall be had for this offense on the unsupported testimony of the child (OCGA § 16-6-3 (a)), but it is well settled that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt, but only that the corroborating evidence *tend* to establish his guilt and be of ' "such a character and quality as tends to prove the guilt of the accused by connecting him with the crime." ' [Cit.] Moreover, the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, ' "but only that amount of independent evidence which tends to prove that the incident occurred as alleged. . . . Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury." (Cit.)' [Cit.]" *Timmons v. State*, 182 Ga. App. 556, 557 (356 SE2d 523) (1987). Accord *McClendon v. State*, 187 Ga. App. 666 (371 SE2d 139) (1988).

We consider the victim's prior consistent statements, as recounted by the victim's mother and the DFAC's worker, to be sufficient substantive evidence of corroboration from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of statutory rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore a directed verdict of acquittal was not demanded. *Runion v. State*, 180 Ga. App. 440 (1) (349 SE2d 288) (1986).

2. During deliberations the jury requested to have access to a legal dictionary or be given the legal definition of the two terms "statutory rape" and "child molestation." The trial court recharged the statutory law, as previously given, and defense counsel objected on the ground that this exceeded the request and overemphasized the more serious of the two offenses. The recharge was a correct statement of the applicable law. "It is well settled that the extent and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. Absent an abuse of that discretion, such decisions will not be disturbed on appeal. [Cit.] We find no abuse of discretion here." *Davis v. State*, 184 Ga. App. 415, 416 (3) (361 SE2d 547) (1987).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1988.

*Wallace & Moss, Howard P. Wallace*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Anne Cobb, Assistant District Attorneys*, for appellee.