## A93A1206. GARCIA v. THE STATE.
### (432 SE2d 122)

McMURRAY, Presiding Judge.

Defendant Garcia appeals his conviction of possession of a firearm by a convicted felon. *Held*:

1. The indictment charged defendant with two counts of aggravated assault, one count of criminal damage to property, and two counts of possession of a firearm by a convicted felon. Defendant was convicted *only* on the two counts of possession of a firearm by a convicted felon and acquitted on the remaining charges. The two offenses of which defendant was convicted were determined to have merged under the facts established at trial and defendant was sentenced for only one offense.

Defendant contends that there was not sufficient evidence to authorize his conviction of possession of a firearm by a convicted felon. The State's evidence was that defendant approached a former girl friend in the parking lot of her apartment, chased her back to the apartment she shared with a new boyfriend, and fired a gun at her and her new boyfriend. Defendant testified that he encountered his former girl friend and accompanied her back to the apartment where the new boyfriend threatened him with the gun and he merely wrestled the gun away from the boyfriend.

While it may be difficult to reconcile the conviction of defendant with the portions of the jury's verdict acquitting defendant of the remaining charges, we note that the inconsistent verdict rule was abolished in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216). See also *Allen v. State*, 203 Ga. App. 359 (416 SE2d 869). The evidence at trial must be viewed in the light most favorable to upholding the verdict of the jury. Since there is ample evidence that defendant was a convicted felon and that he brought the handgun involved in this inci-

dent with him when he went to his former girl friend's home, a rational trier of fact was authorized to conclude that defendant was guilty beyond a reasonable doubt of the offense of possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Dorsey v. State*, 206 Ga. App. 709, 715 (7) (426 SE2d 224).

2. Defendant's remaining enumeration of error contends the trial court erred in recharging the jury on possession of a firearm by a convicted felon. After a period of deliberation, the jury submitted a note to the trial court which read: "Please define for the Jury: 1) Transport of a firearm. 2) Possession of a firearm. 3) Transport and not be in possession." In response to the jury's inquiry, the trial court recharged the statutory definition of possession of a firearm by a convicted felon and asked if the recharge was sufficient to dispel the jury's questions. The foreperson replied: "I think the question we were still trying to get an answer to related to transport, just what is transport, what does transport mean in possession?" After a sidebar conference with counsel, the trial court responded: "Now, members of the panel, transport just means to carry in the ordinary sense of the word, carry." The jury then acknowledged that this was a sufficient response and that they had no further questions.

Defendant argues that the jury should have been charged more fully concerning the definition of possession and that the failure to do so amounted to interference with the jury's deliberations. It is the trial court's duty to recharge the jury on any point requested by the jury. *Kimmel v. State*, 261 Ga. 332, 334 (3) (404 SE2d 436). However, the trial court may confine its instruction to the scope of the jury's inquiry. Defendant's interpretation of the jury's request as requiring a more extensive charge must fall in the face of the jury's acknowledgment that their questions had been answered. Furthermore, there is no indication that the recharge left the jury with an erroneous impression of the law. The trial court did not abuse its discretion in limiting the recharge to the points requested by the jury. *Walker v. State*, 198 Ga. App. 422, 423 (2) (401 SE2d 613); *Taylor v. State*, 174 Ga. App. 900, 902 (6) (331 SE2d 920).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 2, 1993.

*James Archie*, for appellant.
*J. Tom Morgan III*, District Attorney, *Gregory J. Giornelli, J. Michael McDaniel, Barbara B. Conroy*, Assistant District Attorneys,

for appellee.