A93A0624. KELLY et al. v. SCHEIDT.
(433 SE2d 370)

BLACKBURN, Judge.

Appellants, Betty Kelly and Johnny Kelly (hereinafter referred to collectively as the Kellys), brought the underlying action seeking compensation for personal injuries arising out of a motor vehicle collision with Kelly Scheidt's motor vehicle. The jury returned a verdict in favor of appellee, Scheidt. On appeal, the Kellys assert that the trial court erred in failing to charge the jury with a properly requested instruction on wave out.

Prior to the collision, Betty Kelly was traveling southbound on Barnwell Road just north of its intersection with Rivermont Parkway, in Fulton County, Georgia. Scheidt was stopped at a stop sign at that intersection, facing west. Scheidt was attempting to turn left and proceed north on Barnwell Road. A pickup truck was parked on the shoulder of Barnwell Road which obstructed Scheidt's view of the southbound lane. Scheidt moved forward a little in order to see around the truck, but the truck still blocked her view. After a couple of minutes, Scheidt asked the occupants of the pickup truck to move because she could not see around them. Thereafter, the occupants of the pickup truck motioned for Scheidt to proceed. Despite the gestures of the truck's occupants, Scheidt proceeded slowly and continued to look to her left as she edged into Barnwell Road. Scheidt testified that she stopped as soon as she saw Betty Kelly's vehicle. Betty Kelly applied her brakes, but was unable to stop her vehicle. Based on the foregoing facts, the Kellys requested that the trial court charge the jury as follows: "The duty of a driver to yield to approaching traffic on an intersecting roadway rests upon the driver of the automobile and no one else. That driver cannot delegate her statutory duty by relying on a signal from another driver so as to escape negligence and the consequences of negligence resulting from such delegation." The trial court denied the Kellys' request and the Kellys assert that this denial was error.

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citations and punctuation omitted.) *Lee v. Bartusek*, 205 Ga. App. 551 (422 SE2d 570) (1992). In the present case, Scheidt admits that the Kellys' requested charge was a technically correct statement of the law. However, she argues that the charge was not adjusted to the pleadings, law, and evidence presented in the case, that it was argumentative,

and that it was otherwise covered by the trial court's charge. We agree that the requested charge was otherwise covered by the charge given to the jury.

The trial court charged the jury as to the definition and elements of proximate cause, negligence, negligence per se, and the statutory duty of a driver approaching a stop sign. As to the driver's statutory duty when approaching a stop sign, the trial court charged: "Every driver of a vehicle approaching a stop sign shall stop where the driver has a view of approaching traffic on the intersecting roadway before entering it. After stopping, the driver shall yield the right-of-way to any vehicle at the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways." The trial court's charge further informed the jury that if they found that Scheidt had violated the law, they could find her negligent per se.

The Kellys contend that it was error for the trial court to fail to give their charge as there was ample evidence in the record that Scheidt acted in response to being waved out and, as a direct result of the wave out, obstructed Betty Kelly's right-of-way. We do not agree. The evidence does support the fact that a wave out occurred; however, the evidence is clear that Scheidt proceeded with caution, despite the fact that the wave out occurred. Counsel for Scheidt did not argue that the fault belonged to the people who gave the wave out to Scheidt, but merely argued that the wave out did occur and that thereafter Scheidt did not "put blinders on and bull willie out in[to] the street." Under these facts, it is apparent that Scheidt did not attempt to rely on a delegation of her duty and, therefore, it was not error for the trial court to refuse to give the requested charge, as it was not adjusted to the pleadings and evidence. See *Lee,* supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993 —
RECONSIDERATION DENIED JULY 8, 1993 —

*Michael R. Goldberg, John M. Hyatt,* for appellants.
*Bovis, Kyle & Burch, James E. Singer, William S. Allred,* for appellee.