S94A1035. IN THE INTEREST OF B. L. S., a child.
(449 SE2d 823)

CARLEY, Justice.

Appellant was found to be delinquent by reason of his commission of an act of statutory rape in violation of OCGA § 16-6-3. He appeals and raises, among his enumerations of error, the juvenile court's denial of a challenge to the constitutionality of OCGA § 16-6-3.

1. Appellant urges that, to adjudge him to be delinquent for engaging in sexual intercourse with an under-age female "merely because [he] happens to be a male, and the [under-age] female . . . is not held to any sort of . . . responsibility is a clear violation, by state action, of equal protection under the law."

The age of criminal responsibility is 13. OCGA § 16-3-1. For purposes of delinquency, however, a "child" is one who is under the age of 17. OCGA § 15-11-2 (2) (A). OCGA § 16-6-4 provides penalties for child molestation identical to those for statutory rape. Thus, a woman of at least 13 years of age who engages in sexual intercourse with a male who is under the age of 14, "while violating a different Code

---

section, is subject to the same penalties as a man who commits statutory rape." *Barnes v. State*, 244 Ga. 302, 305 (1) (260 SE2d 40) (1979). A "delinquent act" is "[a]n act designated a crime by the laws of this state. . . ." OCGA § 15-11-2 (6) (A). Thus, a female "child" under the age of 17 who engages in sexual intercourse with a male who is under the age of 14 is subject to the same delinquency adjudication as a male "child" who is adjudged to be delinquent by reason of his commission of statutory rape. It follows that OCGA § 16-6-3 "is not invalid as depriving [appellant] of equal protection of the law." *Barnes v. State*, supra at 305 (1).

2. Appellant enumerates the general grounds, urging that the evidence did not show his delinquency "beyond a reasonable doubt" as required by OCGA § 15-11-33 (c).

The victim's testimony showed that an act of sexual intercourse occurred. It was not necessary that the victim's testimony be corroborated in every particular and the corroborating evidence here was sufficient. *Long v. State*, 189 Ga. App. 131 (1) (375 SE2d 274) (1988). The evidence further showed that appellant and the victim were not cohabiting as husband and wife and that, due to their age, neither appellant nor the victim could have entered into a marriage contract without parental consent. OCGA § 19-3-2 (2). There was no evidence that parental consent had ever been given for appellant and the victim to marry. Accordingly, the evidence was sufficient to authorize the juvenile court, as the trier of fact, to find proof beyond a reasonable doubt that, in violation of OCGA § 16-6-3, appellant had engaged in sexual intercourse with an under-age female who was not his spouse and, thus, had committed a delinquent act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. When not sitting, the part-time juvenile court judge engages in the private practice of criminal law in other courts. For this reason, appellant moved to recuse the juvenile court judge. Appellant's motion was denied after it was heard by another juvenile court judge and the denial of the motion is enumerated as error. Appellant's motion stated no viable grounds for the recusal or disqualification of the juvenile court judge. OCGA § 15-11-3 (g). Accordingly, it was properly denied.

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in part and dissents in part.*

SEARS, Justice, concurring in part and dissenting in part.

I bother to write in this case only because this is a statutory rape case, as opposed to a rape case, and because the appellant who has been tried, adjudicated, and incarcerated was 13 years old when the offense occurred.

This Court has long held that the legislative objective forwarded

by Georgia's statutory rape law is to protect the virginity of young females, and to ensure that they are protected from the physical and psychological damage resulting from sexual intercourse. *Barnes v. State*, 244 Ga. 302 (260 SE2d 40) (1979). To reach that objective, the statute subjects all males (but no females) to criminal punishment, regardless of their ages. This historically customary statute embodies many valid and important objectives. Yet I believe that in its present form, Georgia's statutory rape law is blatantly discriminatory and manifestly unfair and is, therefore, unconstitutional.

First, I cannot agree with the majority's resolution, based on *Barnes v. State*, supra, of the equal protection challenge to Georgia's statutory rape law. In *Barnes*, this court held that the statutory rape law does not violate equal protection guarantees because minor males get the same protection as minor females from the harm that can result from sexual intercourse by the state's child molestation statute, OCGA § 16-6-4. That, however, is simply not the case. In *Barnes* this court failed to address the lenient sentencing options provided in the child molestation statute, which are not available in the statutory rape statute, and which I believe lessen the penalties that can be imposed on female offenders and the protection available to young boys under the child molestation statute.

Under the statutory rape statute, conviction mandates imprisonment of "not less than one nor more than 20 years." OCGA § 16-6-3 (b). The child molestation statute, on the other hand, expressly provides that a first offender may receive important rehabilitative and redemptive probation "upon the special condition that the defendant undergo a mandatory period of counseling administered by a licensed psychiatrist or licensed psychologist." OCGA § 16-6-4 (b). No such provision for probation is included in the statutory rape statute. Application of the two statutes could easily result in a harsher penalty being assessed against a male criminal defendant than the penalty imposed against a similarly situated female defendant.

The differences between the two statutes are significant. There is no doubt that young boys are in as much need of protection from premature sexual relations with adults as are young girls. The idea that our young boys will not suffer from even non-forced sexual relations with adults, but that young girls will, is rooted in the tenet that boys (and men) should be strong, fearless, and "macho," and that sexual experience and sexual prowess are evidence of those traits. Such beliefs are immoral, mistaken, and misguided.

In its report published in 1991, this court's own Commission on Gender Bias in the Judicial System[1] revealed findings which are both

---

[1] In March 1989, the Georgia Supreme Court created the Georgia Commission on Gen-

enlightening and disturbing. After holding public hearings and hearing testimony from victims, police, prosecutors, attorneys, and members of the public, the Commission found that gender based stereotyping on the part of those working within the criminal justice system in Georgia results in a tendency to ignore the trauma which may be perpetrated upon a male, especially a male under the age of 14, who has been either pressured or forced to engage in sexual conduct. Nationally, between 1973 and 1987, 197,000 boys reported being raped, and rapes of boys are even more severely underreported than rapes of females. L. Glee, When Boys are Raped (1991). Research also shows that depending on just when the sexual activity took place, how long it lasted, and whether it was violent, sexually promiscuous boys can grow up prone to violent tendencies, drug and alcohol addictions, and severe emotional problems. This suffering and pain, which is today shrouded in shame and in silence, cannot be ignored by a democratic society whose future depends on keeping all of its children strong and healthy in body and soul.

In sum, I believe that Georgia's statutory rape law, as written, violates constitutional equal protection guarantees by reason of the underinclusion of male victims and female perpetrators. In choosing whether to strike the gender-bias from the statute or strike the statute in its entirety, a court's task is to discern what course the legislature would have chosen to follow if it had foreseen the court's conclusion that the statute as written is invalid, in this case, underinclusive. I conclude that the legislature, as revealed by its 1950 action of protecting boys and girls from sex abuse in the child molestation statutes, would opt to gender neutralize the statute. I would, therefore, extend the statute's coverage to those formerly excluded.

Additionally, I believe that the statutory rape statute violates due process by including among the potential offenders young boys involved in consensual sexual relations with girls in their age group. The effect of Georgia's statutory rape law is to create an irrebuttable presumption that a female under the age of 14 is incapable of consenting to sex. See Kurtz, Criminal Offenses and Defenses 536 (1991). Such a presumption is reasonable when applied to a relationship between a young girl and an adult male, especially an adult male in a position of authority or control. However, for the following reasons, I do not think that the application of such a presumption is either rea-

---

der Bias in the Judicial System. The Chief Justice charged the Commission with reviewing the court system to determine whether and to what extent gender-bias exists, and to make recommendations to the Supreme Court regarding what should be done to correct any problems found. In his address to the Commission upon his being sworn in, Chief Justice Marshall stated that the issue before the Commission is "fairness" and that the Commission should pursue its work to insure that equal justice is available to all without regard to gender.

sonable or just when applied to relationships between consenting peers.

An irrebuttable presumption precludes any opportunity for the production of contrary evidence, depriving the accused of a hearing on the matter presumed. Because of this conclusiveness, the United States Supreme Court has held that the imposition of an irrebuttable presumption which is not "necessarily or universally true in fact" violates the Due Process Clause of the Fourteenth Amendment. *Vlandis v. Kline*, 412 U. S. 441, 452 (93 SC 2230, 37 LE2d 63) (1973).[2] I do not believe that we can fairly and legitimately say that today it is "necessarily and universally true in fact" that girls under 14 are incapable of consenting to sex with partners who are their own age. To find that to be true is to be blind to the unfortunate phenomenon of teenage sex.

At some time in this state's history it may well have been "necessarily and universally" true that females under 14 were too innocent and naive to understand the implications and nature of their acts and, therefore, could not give genuine consent to sexual intercourse. However, I do not believe that the same can still be said given that sexual activity has increased drastically among young people in recent years, so few children are being prosecuted for their behavior, and exposure to sex and sex education at an early age, like it or not, has become a way of life.

In a recent study administered at 32 Georgia high schools, fully 46 percent of the *freshman girls* (generally age 14 to 15) surveyed reported that they were sexually active. Furthermore, one in seven of all of the students polled said they had started having sex before age thirteen! The statistics make it clear that the behavior is becoming more common: one in ten seniors said they had sex before age thirteen, while *one in six* freshmen said they had become sexually active before that age. A study of child welfare recipients indicated that 35 percent of the children in foster care, and 22 percent of those living at home, had had sexual intercourse before their thirteenth birthday. See Sex, Contraception and Pregnancy Among Adolescents in Foster Care, Family Planning Perspectives, Vol. 21, No. 5, Sept./Oct. 1989). Another recent study shows that 20 percent of this country's young people who attend church had participated in some form of sexual experimentation by age 13. *Study Shows Church Kids Are Not Wait-*

---

[2] *Vlandis* found unconstitutional an irrebuttable presumption that a student in a state university remained a non-resident for purposes of tuition as long as he or she is a student if the student was a non-resident at the time of her application for admission. See also *Stanley v. Illinois*, 405 U. S. 645, 658 (92 SC 1208, 31 LE2d 551) (1972) (irrebuttable presumption that an unwed father was unfit to receive custody of his children upon the death of their mother was declared to be an unconstitutional deprivation of due process and equal protection).

*ing,* Christianity Today 51 (19___). Even as early as 1982, in a survey of 160,000 teenagers regarding their feelings and experiences with sexual matters, 31 percent of the 13 to 15-year-olds surveyed reported that they had had sexual intercourse. J. Norman & Harris, *The Private Life of the American Teenager,* 1982.

The foregoing shocking statistics and reports indicate the following: consensual sexual relations between young girls and young boys, or peer relationships, while not necessarily condoned, are pervasive, generally ignored, and arbitrarily and rarely prosecuted. Of course, the same cannot be said for relationships between children and adults. Our society still rightly condemns older people who prey on the young. However, in many ways it seems that our society today sanctions or, at best, only mildly inhibits, premarital intercourse between teenagers. In light of this do we do justice by demanding that boys (but not girls) be imprisoned for up to 20 years when they have sex with their willing classmates and girl friends?

In the past ten years over forty states have substantially revised their statutory rape laws. *Comment, The Constitutionality of Statutory Rape Laws,* 27 UCLA L. Rev. 757, 765-766 (1980). The most significant changes include the elimination of traditional gender-based classifications of victims and perpetrators, and the exclusion of sexual relations among young peers from punished conduct. For example, North Carolina provides that

> [a] person is guilty of a sexual offense in the first degree if the person engages in a sexual act [ ] with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . .

N. C. Gen. Stat. § 14-27.4. Alabama's statute provides for gradations in the offense based on the age of the minor male: a male commits rape in the first degree if he is 16 or older and "engages in sexual intercourse with a female who is less than 12 years old," Ala. Code § 13A-6-61 (1982); if the female is less than 16 and more than 12, the male commits rape in the second degree *provided the male is at least two years older than the female.* Ala. Code § 13A-6-62. Thus if the female is between twelve and sixteen and the male is less than two years older than the female, there is no crime.[3] Of course, if such were

---

[3] See also Fla. Stat. Ann. § 794.05 (gender neutral); Ill. Ann. Stat. ch. 720, par. 5/12-13 (gender neutral and accused must be at least 17); Iowa Code Ann. §§ 709.3; 709.4 (gender neutral and offenses graded based on age of victim and accused); Nev. Rev. Stat. Ann. §§ 200.364; 200.368 (gender neutral, accused must be at least 18, and penalties graded based on whether accused was under age 21); N.Y. Law §§ 130.25; 130.30; 130.35; 130.55 (gender specific and punishes all males where female is less than 11; gender neutral and accused must

the statute in Georgia, B. L. S. would be subject to it given the great disparity between his age and that of his victim.

Let there be no mistake about my personal feelings in this matter: sexual activity should be engaged in only by those possessed of sufficient emotional and mental maturity to deal with the many consequences, regardless of age. Moreover, it is evident beyond the need for elaboration that a state's interest in safeguarding the physical and psychological well-being of its minor citizens is compelling. However, boys and girls must receive equal protection, and our statutory rape law should reasonably consider the unfortunate but true state of relations among young people today in deciding who should be subject to criminal punishment.

I concur in Division 3 of the majority opinion.

DECIDED NOVEMBER 21, 1994.

*Grady K. Dukes,* for appellant.
*Cheryl F. Custer, District Attorney, James M. Miskell, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

be at least 18 where victim is less than 14); S.C. Code Ann. § 16-3-655 (gender neutral, offenses graded based on age of victim); Utah Code Ann. §§ 76-5-401; 76-5-402.1 (gender neutral, offense graded based upon age of accused relative to age of victim); and Wash. Rev. Code Ann. § 9A.44.073 et seq. (gender neutral and age of accused must be within specified number of months of age of the victim).