A95A1238. OGLES v. THE STATE.
(460 SE2d 866)

BIRDSONG, Presiding Judge.

Charles R. Ogles appeals his conviction of child molestation and statutory rape, and his sentence. He enumerates four errors, including the general grounds, a charging error, and ambiguity of the sentence. We affirm. *Held*:

1. Appellant contends in enumeration of error no. 4 the trial court erred in failing to give his requested charge on corroborative evidence to the effect that no conviction of statutory rape shall be had on the unsupported testimony of the child victim. OCGA § 16-6-3 (a). Enumeration of error no. 4 is without merit for three separate reasons:

(a) First, the record does not contain a copy of the requested charge; therefore, the requested charge is not available to this court for timely review. Mere statements of facts unsupported by the record cannot be considered on appellate review (*Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223)); appellant's attempt to recite the charge verbatim in his brief does not cure this deficiency (compare *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893)). It was essential to the review of this enumeration that we have timely access, either in the record or transcript, to appellant's written request for charge. "When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466); compare *Jackson v. State*, 213 Ga. App. 170, 171 (2) (a) (444 SE2d 126).

(b) Assuming the accuracy of the requested charge as recited in appellant's brief, error still is not established by appellant. " 'If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request [to charge] is proper.' [Cit.] And the trial court does not err when it refuses to give a confusing or misleading instruction." *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823). The charge request recited in appellant's brief is misleading in two respects. First, the requested charge describes corroborative evidence in terms of acts or admissions. Statements can consti-

tute corroborative evidence (compare *Legg v. State*, 207 Ga. App. 399, 400 (2) (428 SE2d 87) (defendant's taped admissions constituted sufficient corroboration of victim's testimony)). Thus, a child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute "sufficient substantive evidence of corroboration" in a statutory rape case. *Long v. State*, 189 Ga. App. 131, 132 (1) (375 SE2d 274). A fair risk exists that the requested charge, as recounted in the brief, could mislead the jury to believe that mere statements could not constitute corroborating evidence. Even more misleading, is the unconditional statement in the alleged requested charge that "the evidence supporting that of the female must be testimony other than that of her own, as to the commission of the offense by the accused." A fair risk exists from the wording of this charge that a jury could erroneously believe that the recounting of prior statements of the victim by third parties would not constitute corroborative evidence as the source of these statements was directly traceable to the victim. See generally *Long*, supra.

(c) Additionally, assuming the accuracy of the recounted request to charge, it is inapt, being not adequately tailored to the evidence, as it fails adequately to instruct the jury regarding statements made by the victim as to third parties. " 'In order for a refusal to charge to be error, the request[ ] must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge.' " *Kelly v. Scheidt*, 209 Ga. App. 357 (433 SE2d 370). Compare the corroborating charge given by the trial court that was tailored to inform the jury: "A victim's prior consistent statements as recounted by third persons may be sufficient evidence of corroboration," and that the sufficiency of this supporting evidence is solely for the jury to determine.

2. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Further, the proper appellate test is the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), whether the challenge arises from the denial of a motion for directed verdict or of a motion for new trial, when the claim of error is grounded on an alleged insufficiency of the evidence. *Wright v. State*, 211 Ga. App. 474 (1) (440 SE2d 27). Regarding appellant's conviction of child molestation and statutory rape, there is no reversible error of law (see Division 1 above). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, supra. Appel-

lant's enumerations of error 1 through 3, on the general grounds, are without merit.

3. Appellant contends the adjudged sentence is ambiguous, because the sentences for the two counts are to run concurrently, with one sentence being 20 years to serve, and the other sentence being 20 years with 10 years to serve and the balance on probation, and appellant paying a $5,000 fine at the termination of the probation period. "In determining whether a sentence is ambiguous this court may consider the entire record, including any announcement or explanation of sentence contained in the trial transcript." *Grant*, supra at 464 (2).

Appellant specifically asserts that the sentence is ambiguous because it provides for probation as to the child molestation offense after ten years of confinement and that probation would commence as to this offense while appellant was still serving his twenty-year sentence to confinement for statutory rape; appellant also contends "that sentence appears to be for thirty (30) years followed by ten (10) years of probation." Thus, the ambiguity appellant actually complains of is that the sentences imposed for the two offenses appear to have been intended to run consecutively, although the trial court has even reaffirmed that the sentences for each count are to run concurrently by amending the final disposition form in this case.

The State contends the sentence is not ambiguous because the trial judge was merely accepting the present reality of the penal system that appellant "may be released on parole before serving even a small fraction of the stated sentence"; and the trial court merely intended to provide for this likely event "by a sentence to probation which would control this offender and protect this victim of tender years should appellant be summarily released at an early date."

Assuming without deciding an ambiguity had occurred, the vacating of the sentence, either in its entirety or partially as to Count 2 (child molestation only), is not the appropriate remedy. It is well settled that any doubt as to the effect of a sentence will be resolved so as to give the defendant the benefit of the doubt. *Grant*, supra at 464 (2). The benefit of the doubt to be given appellant for the particular ambiguity asserted by him on appeal is to construe the sentences for each count to run concurrently rather than consecutively. While it is true that if appellant remains in prison for 20 years, he will reap a windfall by having his probation period expire before his release from confinement; in the event he is subject to early release on parole, appellant can fulfill the terms of his probation (or the remaining part thereof) as envisioned by the trial court. While we find this sentence somewhat innovative and unusual, we find no authority declaring it illegal. As a general statutory rule, "[t]he judge imposing the sentence is granted power and authority to suspend or probate all or any part

of the entire sentence under such rules and regulations as the judge deems proper." OCGA § 17-10-1 (a) (1); see also OCGA § 15-6-8 (6). It is to appellant's benefit to have the sentence interpreted as running concurrently rather than consecutively. See also OCGA § 17-10-10.

Additionally, appellant has enumerated an error predicated on a claim that the sentence itself is erroneous, and has not enumerated a legal error in a matter of trial procedure that occurred in the pronouncement of sentence. The sentence imposed was within the statutory limits for the two offenses committed. This court will not review for legal error any sentence which is within the statutory limits. *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510); compare *Sinkfield v. State*, 262 Ga. 239 (1) (416 SE2d 288). Thus, assuming a legal error had occurred merely calling into question the excessiveness of the sentence, such claim would not be reviewable by this court. Id.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JULY 25, 1995.

*W. Dan Roberts*, for appellant.

*Fredic D. Bright, District Attorney, Vanessa Flournoy, Assistant District Attorney*, for appellee.

