## A98A2466. TUGGLE v. THE STATE.
### (512 SE2d 650)

SMITH, Judge.

Cedric Tuggle was charged by indictment with possession of cocaine with intent to distribute and misdemeanor obstruction of an officer. After his motion to suppress tangible evidence was denied, he waived jury trial and stipulated the evidence as that presented at the hearing on the motion to suppress. He was found guilty and brings this appeal, contending that the trial court erred in denying his motion to suppress and in finding him guilty of obstructing an officer. We find no error and affirm.

The evidence presented at the hearing on the motion to suppress showed that DeKalb County police officer J. J. Davis observed a silver or gray Buick turn left across oncoming traffic. He followed in his marked car, activating his emergency lights. After the Buick made another left turn across traffic, Davis pulled it over. The car was occupied by three persons: the driver, a passenger in the left rear seat, and Tuggle, who was a passenger in the right front seat. Because the driver did not produce a driver's license and Davis's computer malfunctioned, he radioed for another officer to run the information given to him by the driver, and Officer Richard Hutson answered the call.

Hutson determined that the driver's license had been suspended and relayed this information to Davis. Because of their concern about

the number of people in the car stopped by Davis, Hutson also proceeded to that location. When he arrived, the driver had already been arrested and handcuffed.

Because the driver had not authorized the release of the car to either of the passengers, it was necessary for the officers to call a wrecker to impound the car. The two passengers were in the car. The passenger in the back seat then got out, and Davis was talking with him when he saw Tuggle leave the car as well. Because Hutson was concerned, for safety reasons, about allowing both passengers to leave the car at the same time, he asked Tuggle to remain seated for a short while longer.

At that point, Tuggle "adjusted something in the front of his pants and then just took off running." Hutson chased Tuggle until Tuggle slipped and fell, allowing Hutson to make physical contact. Tuggle then "took a swing at" Hutson, and Hutson attempted to subdue Tuggle with pepper spray, but the canister malfunctioned. Tuggle pushed away and resumed running. Hutson overtook Tuggle when Tuggle encountered a fence he could not climb. After instructing Tuggle not to move, Hutson observed him make "a sudden movement into the front of his pants" that Hutson assumed was for a weapon. Hutson drew his own weapon, and Tuggle moved his hands away from his belt, but he then bolted again and resumed running. Hutson again gave chase, and he was finally able to take Tuggle into custody when Tuggle slipped again. He was arrested for obstruction of a law enforcement officer, handcuffed, and searched. No weapon was, in fact, found, but in Tuggle's crotch area, Hutson found a tightly rolled green cloth bag with $995 in cash and five clear plastic bags containing crack cocaine.

1. Tuggle first contends the trial court erred in denying his motion to suppress because the cocaine found on his person was discovered in a search incident to an unlawful arrest. We do not agree. In reviewing the denial of a motion to suppress, the trial court's findings must be adopted unless clearly erroneous. *Culver v. State*, 230 Ga. App. 224, 227 (1) (496 SE2d 292) (1998). In this case, as the State points out, a step-by-step analysis of the entire incident reveals that the trial court correctly denied Tuggle's motion to suppress.

(a) The initial stop of the car was entirely proper. Although Tuggle insists it was pretextual, such a stop is authorized if the officer observes a traffic violation. *Sanders v. State*, 226 Ga. App. 565, 566 (2) (487 SE2d 115) (1997). Here, Davis testified that he observed the Buick twice make unsafe left turns across traffic.

(b) The United States Supreme Court has determined that three levels of encounter exist between a citizen and the police. The first involves a mere request for name and identification, with the individual free to refuse or ignore the request. The second is the *Terry*-type

stop, involving a temporary restraint, which requires an articulable suspicion that a crime has been or is being committed. The third is an actual or de facto arrest, which must be supported by probable cause. *Exposito v. State*, 191 Ga. App. 761, 762 (1) (382 SE2d 412) (1989). In this case, the initial contact between the officers and Tuggle was a police-citizen encounter involving no restraint. Tuggle was not under suspicion at the time of the traffic stop, and both officers testified he would have been free to leave.[1]

(c) When Tuggle bolted and ran, his actions provided the officers with an articulable suspicion that he had committed or was committing a crime. Flight is a circumstance sufficient to give an articulable suspicion of illegal activity. *Walker v. State*, 228 Ga. App. 509, 511 (1) (493 SE2d 193) (1997). Moreover, Hutson testified that, in his knowledge and experience, when an individual flees a routine traffic stop, it is ground for caution; outstanding warrants may be out on the individual, or the person may have contraband or weapons. This elevated the encounter to the second level, justifying a brief, *Terry*-type stop, in which Hutson was authorized to restrain Tuggle for further brief questioning. Hutson testified that had Tuggle allowed the questioning and satisfied his concerns, he still would have been free to leave.

(d) During the chase, however, Tuggle struggled with Hutson, further obstructing the officer's investigation. An arrest for violating OCGA § 16-10-24 (a), misdemeanor obstruction of an officer, was supported by probable cause.

(e) The search of Tuggle was justified both for Hutson's protection, as he believed Tuggle might have had a weapon, and incident to his lawful arrest for misdemeanor obstruction. *Allison v. State*, 217 Ga. App. 580, 581 (1) (459 SE2d 557) (1995).

2. Tuggle's conviction for misdemeanor obstruction of an officer was authorized. OCGA § 16-10-24 (a) provides that "[e]xcept as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." We have already determined that Hutson had an articulable suspicion that Tuggle had committed or was committing a crime, sufficient to justify further questioning. It is beyond cavil that by fleeing from an officer who had a lawful right to question him, Tuggle at the very least hindered the officer's investigation and violated this statute. His struggle with the officer provided further probable cause for his arrest and support for his conviction.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

---

[1] Under these circumstances, as in *Carter v. State*, 229 Ga. App. 417 (494 SE2d 108) (1997), the officers were authorized, for their own safety, to request that he remain in the car until their investigation was complete. Id. at 419-420.

850

*Stephen T. Maples*, for appellant.
*J. Tom Morgan, District Attorney, John H. Petrey, Robert M. Coker, Assistant District Attorneys*, for appellee.