## A02A1448. ARSENAULT v. THE STATE.
(571 SE2d 456)

MILLER, Judge.

David Arsenault was convicted of failing to maintain his lane and of obstructing an officer. He appeals, claiming primarily that the evidence was insufficient to sustain the convictions. Since the record shows evidence of both crimes, we affirm.

An officer witnessed Arsenault driving his vehicle approximately 55 mph in a 40-mph zone. Arsenault also weaved in and out of his lane, twice crossing the center lane line. Suspecting DUI, the officer pulled Arsenault over, who then exited his vehicle and approached the officer's patrol car. Over his PA system, the officer directed Arsenault to return to his vehicle and to pull into a nearby parking lot. After complying, Arsenault again exited his vehicle, claiming his grandson was sleeping and he did not want to wake him. The officer, who had been trained to have drivers remain in their vehicles for safety reasons, directed Arsenault to get back in the vehicle and to remain there. Arsenault reentered his car but refused to close the door, leading to the officer politely closing the door himself.

As the officer stood near the door speaking with Arsenault, Arsenault flung his door open and jumped out, "squaring up" to the officer. Feeling threatened, the officer again demanded that Arsenault sit in the vehicle. When Arsenault refused to comply, the officer grabbed his arm and tried to escort him back into the vehicle, which Arsenault resisted. Arsenault pulled away and bumped the officer, resulting in Arsenault's arrest for obstruction of an officer.

Arsenault was charged with misdemeanor obstruction of an officer, driving too fast for conditions, and improper lane usage. A jury acquitted him of the "driving too fast" count but found him guilty of the remaining counts. Arsenault appeals, claiming that (1) the evidence was insufficient to sustain the convictions, (2) the State did not prove lack of justification, and (3) the court erred in failing to recharge the jury more thoroughly in response to a question during deliberations.

1. Construed in favor of the verdicts, the evidence sufficed to sustain the convictions. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) *Obstruction conviction.* OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is

guilty of a misdemeanor." Refusing to obey lawful commands of an officer who is seeking to protect his safety will sustain a conviction under this statute. *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596) (1995). Officers are authorized, for their own safety, to request that an individual remain in the car until their investigation is complete. *Tuggle v. State*, 236 Ga. App. 847, 849, n. 1 (512 SE2d 650) (1999); see *Carter v. State*, 229 Ga. App. 417, 419 (494 SE2d 108) (1997). Failure to comply with such directives is a violation of OCGA § 16-10-24 (a). See *Tuggle*, supra, 236 Ga. App. at 848, 849 (2); see also *Johnson v. State*, 234 Ga. App. 218, 219-220 (3) (507 SE2d 13) (1998) (failure to *exit* vehicle on officer's command will also sustain obstruction conviction). Arsenault's citation to *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99) (1985), as contrary authority is unpersuasive, as *Moccia* preceded the enactment of the current version of OCGA § 16-10-24, which no longer contains the element of violence. *Carter v. State*, 222 Ga. App. 397, 398 (1) (474 SE2d 228) (1996); see *Larkin v. State*, 230 Ga. App. 129, 130 (1) (495 SE2d 605) (1998).

Here Arsenault repeatedly disobeyed the officer's lawful directive to remain in the car for the officer's safety. The final time, he aggressively jumped out of the car and confronted the officer. Refusing outright to reenter the car, he resisted the officer's attempts to physically place him in the car. This evidence sufficed to sustain the misdemeanor obstruction conviction.

(b) *Improper Lane Usage Conviction.* The evidence sufficed to sustain Arsenault's conviction for improper lane usage. The officer's testimony that Arsenault weaved across the road and twice crossed over the center lane line showed a violation of OCGA § 40-6-48 (1). See *Moore v. State*, 234 Ga. App. 332, 334 (3) (d) (506 SE2d 685) (1998); see generally *Ramos v. State*, 252 Ga. App. 106-107 (1) (555 SE2d 779) (2001).

2. Arsenault argues that the State failed to carry its burden to disprove his defense of justification. See *Austin v. State*, 218 Ga. App. 90, 91 (2) (460 SE2d 310) (1995) ("where a defendant raises an affirmative defense of justification and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt") (citation and punctuation omitted). He claims that his actions in exiting the vehicle were justified by his desire not to wake his sleeping grandchild.

The grounds for justification outlined in OCGA § 16-3-20 do not include a desire not to wake a sleeping child as justification for disobeying lawful orders of an officer. Even if such were included, the jury was properly instructed on the State's burden of disproving justification and was authorized under the circumstances to disbelieve Arsenault and reject his defense. See *Green v. State*, 244 Ga. App. 697, 698 (1) (536 SE2d 565) (2000).

3. During deliberations, the jury asked the court to reinstruct them on the definition of obstruction. The court recharged the jury, using the statutory definition of obstruction found in OCGA § 16-10-24 (a). Arsenault complains that the court erred in not giving a fuller instruction as was included in the original instructions given to the jury.

"While the court has a duty to recharge any part of the charge at the request of the jury, the extent and character of any supplementary instructions are within the discretion of the court." (Citations omitted.) *Jackson v. State*, 263 Ga. 468, 469 (1) (435 SE2d 442) (1993). "Absent an abuse of that discretion, such decisions will not be disturbed on appeal." (Citation and punctuation omitted.) *Long v. State*, 189 Ga. App. 131, 132 (2) (375 SE2d 274) (1988).

In this regard, "it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. It is within the court's discretion to recharge the jury in full or only upon the point or points requested." (Citations and punctuation omitted.) *Brown v. State*, 258 Ga. 152, 154 (4) (366 SE2d 668) (1988). Where there is no indication that the recharge left the jury with an erroneous impression of the law, the trial court does not abuse its discretion in failing to give a fuller recharge. *Garcia v. State*, 208 Ga. App. 808, 809 (2) (432 SE2d 122) (1993). Thus, under such circumstances, rereading statutory definitions alone is not error. See *Carter v. State*, 238 Ga. App. 632, 636 (3) (519 SE2d 717) (1999); cf. *Long*, supra, 189 Ga. App. at 132 (2).

Here the court did not abuse its discretion in limiting its reinstruction to the statutory definition of obstruction. The court even asked the jury if that was "okay" before sending the jury back for deliberations. There is no indication that the jury was confused or left with an erroneous impression of the law.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 18, 2002.

*Jackson & Schiavone, Michael G. Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Allison E. Bailey, Assistant District Attorney*, for appellee.