A08A0736. COUNCIL v. THE STATE.

(662 SE2d 291)

MILLER, Judge.

Following a jury trial, Michael Wayne Council was convicted of misdemeanor obstruction of a law enforcement officer. OCGA § 16-10-24 (a). He appeals, asserting that (i) a fatal variance existed between the conduct alleged in the accusation and the conduct offered as proof at trial and (ii) the evidence was insufficient to convict him. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on the morning of April 23, 2006, an officer with the Dalton Police Department initiated a traffic stop of Council's truck. The officer informed Council that he was being stopped for a broken taillight and obtained Council's driver's license and proof of insurance. As the officer was returning to his vehicle to run a license check, Council opened the door to his truck. The officer returned to the truck and told Council that for officer safety purposes, he was required to keep the door of the truck closed.

After the officer returned to his car, Council again opened the door to his truck, exited the vehicle, and walked to a nearby building. The officer approached Council and told him he needed to return to

his truck. Council refused. When the officer told Council that he would be arrested if he did not return to his truck, Council told him that he "wasn't going to take him to jail." As the officer grabbed Council's left arm to effectuate the arrest, Council jerked away. The officer again grabbed Council's arm and arrested him for obstruction.

1. Council claims that a fatal variance existed between the conduct alleged in the accusation and the conduct offered as proof at trial. We disagree.

In *Delacruz v. State*, 280 Ga. 392, 396 (3) (627 SE2d 579) (2006), the Supreme Court of Georgia held:

> Our courts no longer employ an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal. [Cits.]

Here the accusation filed against Council alleged that he "did knowingly and wilfully obstruct [the officer] in the lawful discharge of his official duties by refusing to obey verbal commands to remain in his vehicle during a traffic stop. . . ." Council claims that the evidence introduced at his trial showed that he was arrested for failing to *return* to his vehicle, not for failing to *remain* in his vehicle, as alleged. The evidence, however, showed that the officer instructed Council to remain in his truck, and that Council failed to comply. Given that Council's failure to remain in his truck served as the basis for his conviction for obstruction, there was no fatal variance between the accusation and the evidence presented at trial.

2. Council also claims that there was insufficient evidence to sustain his conviction. As discussed herein, however, evidence was presented showing that the officer ordered Council to remain in his truck so that he could safely complete the traffic stop and that Council failed to comply with the officer's order.

Officers are authorized, for their own safety, to request that an individual remain in a vehicle until their investigation is complete, and a refusal to comply with an officer's lawful demand to remain in

a vehicle will sustain a conviction for misdemeanor obstruction. *Arsenault v. State*, 257 Ga. App. 456, 457 (1) (a) (571 SE2d 456) (2002). As a result, the evidence presented at trial was sufficient to sustain Council's conviction under OCGA § 16-10-24 (a). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 13, 2008.

*Wayne H. Basford, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.