A12A0605. TIMBERLAKE v. THE STATE.
(727 SE2d 516)

MIKELL, Presiding Judge.

After a jury trial, John Paul Timberlake was convicted of one count of misdemeanor obstruction of a law enforcement officer. He appeals, arguing that the evidence was insufficient to show that he hindered the officer from performing his duties, and that the trial court erred in allowing the state's introduction of bad character evidence. For the reasons that follow, we affirm.

"When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[1] We determine only whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt, and do not weigh evidence or determine witness credibility.[2]

Timberlake was pro se at trial, and did not testify or present evidence. Viewed in the light most favorable to the verdict, the evidence reflects that while on patrol, Officer Antoine Acker of the Decatur Police Department stopped a vehicle because it had no license tag. The entire traffic stop was recorded on the patrol car's video equipment, and the video was admitted into evidence and played for the jury. The video shows Acker approaching the driver's

---

[1] (Footnote omitted.) *Mitchell v. State*, 312 Ga. App. 293, 294 (1) (718 SE2d 126) (2011).

[2] Id.

side of the vehicle and asking the driver for his license, registration, bill of sale, and date of purchase of the vehicle. Acker asked about the date of purchase because a driver has 30 days from the date of purchase to register a vehicle. Timberlake, the sole passenger in the vehicle, told the officer that the car belonged to him, and began arguing with the officer about why the officer needed the paperwork. He did not give the officer the paperwork. After the officer returned to his patrol car, Timberlake got out of his vehicle, paperwork in hand, and stood in the roadway next to the officer's window. The officer politely and repeatedly asked Timberlake to step out of the roadway for his own safety and to go to his own vehicle. Timberlake, after ignoring the officer's requests and arguing with the officer, finally moved to the opposite side of the officer's car, but did not return to his own vehicle as requested. In response to Timberlake's questions about why he needed to return to his own vehicle, the officer said, "I don't know if you have a weapon or anything on you." Timberlake then said he was going to "strip" and began removing his clothing, over the officer's objections, saying, "I'm going to take off the shirt . . . I could be carrying a weapon . . . [I will] prove I don't have a weapon," and continued to argue with the officer until the officer exited the patrol car and handcuffed him.

1. Timberlake contends that the evidence was insufficient to support a conviction for obstruction. OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."

The officer testified that he arrested Timberlake for obstruction because Timberlake hindered his performance of his duties, as Timberlake's arguments and refusal to return to his vehicle prevented the officer from determining whether the driver of the vehicle had a valid license and whether he was a fugitive or was armed; Timberlake also prevented the officer from getting the car's vehicle identification number. Further, the officer testified that Timberlake's refusal to return to his own vehicle compromised Timberlake's safety because he was standing in the roadway, and the officer's safety, because the officer could not determine whether Timberlake had a weapon.

Contrary to Timberlake's case citations and assertions, violence, threats, and force no longer are required elements to prove misdemeanor obstruction since the 1986 amendment of OCGA § 16-10-24.[3]

---

[3] *Stryker v. State*, 297 Ga. App. 493, 494-495 (677 SE2d 680) (2009).

"Rather, we must look to the totality of the circumstances to determine if his arrest was authorized."[4] We have held that "[a]rgument . . . [and] stubborn obstinance . . . are all examples of conduct that may satisfy the obstruction element."[5] Further, Timberlake hindered the officer not just by his arguments and obstinance, but also by placing both his and the officer's safety at risk by refusing to return to his vehicle.[6] Timberlake also prevented the officer from obtaining information from the driver of the vehicle to determine if the driver's license was current and if there was a violation of the law requiring a car to be registered within 30 days of purchase.[7] Whether Timberlake's actions actually impeded the officer in the discharge of his duties was a decision for the trier of fact.[8] We find the evidence sufficient for the jury to find Timberlake guilty of obstructing a police officer.

2. Timberlake argues that the trial court erred in allowing the state to introduce bad character evidence, over his objection, by permitting Acker to testify that based on statements Timberlake made during the traffic stop, Acker's police training led him to believe Timberlake was a "sovereign citizen." We find no merit in this contention because Timberlake made no objection on these grounds below. "Where an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court."[9]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

DECIDED APRIL 19, 2012 — ▮▮▮▮▮▮▮▮

*Benjamin A. Davis, Jr.*, for appellant.
*Sherry Boston, Solicitor-General, Matthew Ciccarelli, Assistant Solicitor-General*, for appellee.

---

[4] (Citation omitted.) Id.

[5] (Citations omitted.) *Pinchon v. State*, 237 Ga. App. 675, 676 (516 SE2d 537) (1999).

[6] *Arsenault v. State*, 257 Ga. App. 456, 457 (1) (a) (571 SE2d 456) (2002) (refusal to obey lawful commands of an officer seeking to protect his own safety constitutes obstruction); *Council v. State*, 291 Ga. App. 516, 517-518 (2) (662 SE2d 291) (2008) (refusal to comply with officer's lawful demand to remain in vehicle constitutes obstruction).

[7] *Clark v. State*, 243 Ga. App. 362, 365 (1) (532 SE2d 481) (2000) (where officer had reasonable suspicion driver was driving with expired tag, court found one may commit obstruction when hindering an officer in investigating an offense committed by another).

[8] *Martin v. State*, 291 Ga. App. 363, 367 (2) (b) (662 SE2d 185) (2008).

[9] (Citations and punctuation omitted.) *Rogers v. State*, 298 Ga. App. 895, 903 (6) (681 SE2d 693) (2009).