**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 20, 2012**

# In the Court of Appeals of Georgia

A12A0972. HUFF v. THE STATE

ADAMS, Judge.

After a trial by jury, Steve Huff was convicted of misdemeanor obstruction of an officer and pedestrian under the influence of alcohol. He challenges the sufficiency of the evidence. He contends there were inconsistencies in the testimony of one officer that provide reasonable doubt about whether he obstructed the officer.

We review the case "under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." (Citation omitted.) *Mack v. State*, 272 Ga. 415, 416-417 (1) (529 SE2d 132) (2000).

The testimony at trial shows that at about 8:00 p.m. on July 30, 2010 two deputies with the McDuffie County Sheriff's office received a call that an unwanted

person was at a store in McDuffie County. When the uniformed officers arrived, Huff walked out from behind the store carrying a golf club and a bag of food, and he appeared to be intoxicated. When the deputies identified themselves and repeatedly told Huff to drop the club for the purpose of officer safety, he refused. The deputies then pulled out their Taser weapons, and Huff dropped the club. The deputies then approached him to ask about his presence at the store, and in response, Huff became agitated and spit turkey and collard greens onto one deputy, which, the deputy testified, "covered me from my waist down to my feet." The officers told him that he was going to be arrested, and Huff resisted by not allowing the officers to put handcuffs on him. That led to a "tussle" where the officers got Huff to the ground, where he further resisted getting handcuffed, until eventually, the officers were able to secure the handcuffs. Huff would not get up on his own, and the officers picked him up to place him in the patrol car.

OCGA § 16–10–24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Here, the jury was authorized to find that Huff obstructed the officers in several ways. Huff placed the officers at risk of harm by refusing to drop the golf club when requested. See, e.g., *Timberlake v. State*, _ Ga.

2

App. _ (1) (Case No. A12A0605, decided April 19, 2012) (placing officer's safety at risk is evidence of obstruction). Huff spit food on the officer. See, e.g., *Gordon v. State*, 199 Ga. App. 704, 705 (2) (406 SE2d 110) (1991) ("The jury was authorized to find that defendant's spitting on the officer while refusing to identify himself was not merely discourteous, it actually hindered and obstructed [the] [o]fficer ... in the discharge of his official duties.") (punctuation omitted); *Williams v. State*, 307 Ga. App. 675, 680 (705 SE2d 906) (2011) (attempt to spit in officer's face was evidence of obstruction). And Huff resisted being handcuffed. See, e.g., *Pearson v. State*, 224 Ga. App. 467, 469 (2) (480 SE2d 911) (1997).

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*