**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 27, 2013**

# In the Court of Appeals of Georgia

A12A2021. BROWN v. THE STATE.

RAY, Judge.

A jury found Gary Eugene Brown, Jr., guilty of one misdemeanor count of obstructing an officer.[1] He appeals from the denial of his motion for a new trial, contending that the evidence was insufficient to sustain his conviction. Specifically, he contends that the State failed to carry its burden of showing that the police officer was acting lawfully at the time of Brown's arrest, as required by OCGA § 16-10-24 (a). For the reasons that follow, we affirm.

---

[1] OCGA § 16-10-24 (a).

Viewed in the light most favorable to the verdict,[2] the evidence shows that on July 13, 2008, an officer with the Johnson County Sheriff's Department stopped the vehicle in which Brown was a passenger because no license tag was displayed. When the vehicle stopped, Brown immediately got out and approached the police car. The officer, who could smell alcohol on Brown, told Brown to get back in the passenger side of the car, but instead, Brown began moving toward the driver's side. The officer again told Brown to get in the car on the passenger side, and Brown refused, instead continuing to approach the driver's side of the vehicle. The officer testified that after Brown came back from the driver's side of the car, he called Brown to him, but that when Brown "showed aggression," he concluded Brown "was dangerous." As the only law enforcement officer on the scene, for his own safety, the officer had called Brown to him intending to perform a patdown. He first asked Brown for identification, but Brown did not have any. The officer then asked Brown if he had any weapons. Brown said no. When the officer asked Brown for consent to search, Brown consented. However, when the officer told Brown he was going to pat him down, Brown began to reach into his pocket, and the officer, unsure of whether he

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

2

had a weapon, grabbed Brown's hand and told him not to put it in his pocket. Brown became belligerent, and the officer testified that Brown "snatche[d] away" from him. The officer then pulled out his taser and placed it on Brown, but did not tase him. He told Brown to put his hands behind his back "because I'm not gonna fight with nobody on the side of the road." . The officer then put his taser away and retrieved his handcuffs. As he approached Brown again, the officer testified that Brown swung "around with his elbow as I come to him then, and he tries to hit me again." The officer handcuffed Brown and arrested the driver of the vehicle, who was underage and driving without a license or proper tag.

OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the *lawful discharge of his official duties* is guilty of a misdemeanor."[3]

Here, Brown contends that the evidence was insufficient to convict him. Brown argues that the indictment charged him with "resisting and attempting to strike" the officer, but asserts that the State has not shown that at the time of this conduct that the officer was engaged in the lawful discharge of his official duties. Brown argues that the State was required to prove the officer acted lawfully in searching him. He

---

[3] (Emphasis supplied.)

argues that there was no evidence of any threat to the officer prior to the attempted pat-down and handcuffing, and that any resistance or attempt to strike occurred during the handcuffing or after it. Thus, Brown contends, the officer lacked probable cause to arrest him for obstruction as he was not engaged in the lawful discharge of his duties. This arguments lack merit.[4]

First, the State need not prove forcible resistance or violence to sustain a conviction for misdemeanor obstruction, and it follows that an officer need not wait until a person attempts to strike him before he can arrest that person for obstruction.[5] Here, the officer testified that after Brown became belligerent and repeatedly refused to return to the passenger compartment of the vehicle, the officer, unsure of whether Brown had a weapon, received Brown's consent to search and attempted to pat him down. When he did so, Brown "snatched away." In similar cases, this Court has found resistance to or hindrance of an officer sufficient to justify an arrest for obstruction and a subsequent conviction, where a defendant, as here, repeatedly refused to return

---

[4] To the extent that Brown may be attempting to assert a fatal variance between the charges in the indictment and the evidence adduced at trial, this argument is waived as it was neither raised nor ruled on below. See *Weeks v. State*, 316 Ga. App. 448, 450 (1) (729 SE2d 570) (2012).

[5] See *Wilcox v. State*, 300 Ga. App. 35, 37 (2) (684 SE2d 108) (2009).

4

to his vehicle after the officer, seeking to protect his own safety, told him to do so.[6]

Thus, the officer had sufficient probable cause to arrest appellant for obstruction even before the officer attempted the pat-down to which Brown had consented.[7]

The officer further testified that he was unable to complete the search *prior to arrest* because Brown had been "swinging at my head" and because he needed to "gain[] control of the situation." The officer also testified that after he got out his handcuffs, Brown "swings around with his elbow as I come to him then, and he *tries to hit me again*,"[8] indicating that Brown had previously attempted to strike him. This testimony provides evidence that, when viewed in the light most favorable to the verdict, Brown's attempt to strike the officer occurred prior to Brown's arrest; thus, there is no indication that the officer was acting unlawfully. Although at certain points the officer's testimony as to the timing of various actions was not entirely

---

[6] *Arsenault v. State*, 257 Ga. App. 456, 457 (1) (a) (571 SE2d 456) (2002); *Tuggle v. State*, 236 Ga. App. 847, 849 (1) (b), n. 1 (512 SE2d 650) (1999) (officers were authorized, for their own safety, to request that defendant remain in car until investigation was complete).

[7] *Council v. State*, 291 Ga. App. 516, 516-517 and 517-518 (2) (662 SE2d 291) (2008) (arrest for obstruction warranted where defendant refused officer's request to return to his vehicle and jerked away when officer attempted to effectuate arrest).

[8] (Emphasis supplied.)

consistent, "when deciding an appeal, this Court does not evaluate witness credibility, evidentiary conflicts, or inconsistent testimony, as these matters are within the finder of fact's exclusive province."[9] Further, the question of whether Brown's behavior actually obstructed the officer was for the jury.[10] The evidence outlined above was sufficient to authorize Brown's conviction.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[9] (Footnote omitted.) *McClure v. State*, 278 Ga. 411, 411-412 (1) (603 SE2d 224) (2004).

[10] *Kates v. State*, 271 Ga. App. 326, 328 (2) (b) (609 SE2d 710) (2005).