## VINCE *v.* THE STATE.

Merely refusing, upon the demand of a levying officer, to unlock a door of a house, in order to enable him to enter the same for the purpose of levying a lawful process upon goods therein contained, is not a violation of section 306 of the Penal Code, which makes it a misdemeanor to "knowingly and willfully obstruct, resist, or oppose any officer of this State, or other person duly authorized, in serving or attempting to serve or execute any lawful process or order."

Submitted July 15,—Decided July 23, 1901.

Accusation of obstructing legal process. Before Judge Adams. City court of Dublin. June 26, 1901.

*Akerman & Akerman,* for plaintiff in error.
*F. G. Corker, solicitor,* contra.

LUMPKIN, P. J. Taking the evidence in this case most strongly against the accused, the State showed nothing more than that she refused to comply with the demand of a constable to unlock the door of her house in order to enable him to enter the same for the purpose of levying a distress warrant upon goods in the house. It does not appear that she did anything which even tended to obstruct the movements of the officer, or in any manner resisted or opposed any effort on his part to enter the house. If, when he arrived, the door had been open and the accused had shut and locked

it to prevent an entrance by the officer, the case would have been different. As it was, when he attempted to make the levy he found the door already locked, and the accused simply declined, on his demand, to open it. In *Davis* v. *State*, 76 *Ga.* 721, this court held: "In the statute making it criminal to knowingly and wilfully obstruct, resist, or oppose any sheriff, coroner, or other officer of this State, or other person duly authorized, in serving or attempting to serve or execute any lawful process, the word 'obstruct' must be construed with reference to the words, 'resist or oppose,' which imply force. The crime consists in obstructing, resisting, or opposing an officer, not merely impeding or defeating the execution of the process with which the officer is armed." The case in hand, upon its facts, falls within the principle embraced in the words just quoted. It affirmatively appears that the accused did not obstruct, resist, or oppose the officer, but at most simply refused to give him any assistance in executing the process in his hands.

*Judgment reversed. All the Justices concurring.*