29409.   BUTLER *v.* THE STATE.

DECIDED FEBRUARY 27, 1942.

*Steve M. Watkins, P. C. Andrews,* for plaintiff in error.

*J. E. Craigmiles, solicitor,* contra.

GARDNER, J. The defendant was convicted of the offense of misdemeanor, in that he did "unlawfully, knowingly and wilfully obstruct, resist and oppose an officer in serving or attempting to serve a lawful process." To the overruling of his motion for new trial, based solely on the general grounds, the defendant excepted.

N. A. Coleman, a witness for the State, testified: "I am a legal constable in and for the 637th District, G. M., Thomas County, Georgia, and on the 20th day of August, 1941, I went to the home of Rebecca Butler, together with Mr. F. B. Vinson and another gentleman from Valdosta, Georgia. I went out to serve a purchase-money attachment issued from the court of Jesse J. Gainey, justice court, 637th District, G. M., Thomas County, Georgia, covering certain dishes, and for the amount of $3.45. We drove out to Bibb Street and I saw Rebecca Butler and her husband, Joe Butler, and showed them my badge and read the attachment to them, and Rebecca Butler told me that I could not get the stuff without returning some of her money. I told her that I was going on to the store and get some tobacco and would come back to her house. We went on to the house and Rebecca Butler was at the gate and Joe Butler was on the porch of their home. I told them that I wanted to get the dishes, and opened the gate. Joe Butler told me not to come in the house and pulled a knife out of his pocket and began opening it and came toward me. I ran and do not know what he did afterwards. This happened in Thomas County, Georgia." On cross-examination Coleman testified: "Joe Butler was opening the knife but he did not get it entirely open before I left, and he did not come out of the yard. He did not come past his wife who was standing in the yard. I had the gate open and was going in, but when he told me not to come in the house and took his knife out of his pocket I left, and did not go any further towards the house. I did not go near the steps, because I was at the gate and turned around and left. The negro was on the porch and started down the steps. The negro did not tell me he was going to cut me. I saw the knife and thought he might cut me and left. I carried the dishes away from

the house after he was arrested. I had a walking stick when I was at the gate and it was hanging on my arm. I did not try to hit any one with it. Rebecca Butler did not do anything at the gate to keep me from getting the dishes, for attaching the dishes that were in her house then." The testimony of the other witness for the State, in some details, apparently conflicted with that of the officer.

The accusation is general in its terms following the wording of Code § 26-4401. It will be observed that the evidence was weak, but we are not in a position to say that it was insufficient, as a matter of law, to support the verdict. Our attention is called to *Jackson* v. *State,* 39 *Ga. App.* 35 (145 S. E. 902). That case turned on the proposition that the evidence did not sustain the allegations of the accusation. As to *Hutchinson* v. *State,* 9 *Ga. App.* 62 (70 S. E. 352), the court held that threats, words, and contemptuous gestures alone did not constitute such an overt act as would sustain a conviction under this statute; however, in the case at bar, the officer testified that the defendant did three things: first, denied the officer entrance; second, pulled a knife which be began opening; and, third, began advancing toward the officer who ran. Under such circumstances we do not think the law would require that the officer, who had only a walking cane, would be required, at the peril of his life, to further test the threatening, menacing, and advancing attitude of the defendant in order to determine what intention prompted such conduct of the defendant. See, in this connection, *Bunkley* v. *State,* 91 *Ga.* 44 (16 S. E. 256). We therefore think that the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*