31706. ROBINSON *v.* THE STATE.

DECIDED DECEMBER 4, 1947. REHEARING DENIED DECEMBER 17, 1947.

*James Maddox*, for plaintiff in error.

*E. J. Clower, Solicitor-General, G. W. Langford, T. J. Espy Jr.*, contra.

MACINTYRE, P. J. The defendant was prosecuted and convicted on an indictment of driving and operating an automobile in Floyd County, Georgia, on, over, and along "a certain public street and public highway of said State and county, to wit: on U. S. Highway No. 27 at a point 3 miles south of Rome, Georgia, in an intoxicated condition and while under the influence of intoxicating liquors, wines, and beers and opiates."

The case presents this question: Was it necessary to prove

that the crime was committed at a point 3 miles south of Rome, Georgia?

The prosecution was instituted under Code, § 68-307. This section provides: "No person shall operate a motor vehicle . . upon any public street or highway . . while under the influence of intoxicating liquors or drugs."

In this case the indictment would be sufficient without designating any particular point on such highway at which the crime was committed. The words, "at a point 3 miles south of Rome," in the indictment were wholly unnecessary and not essential. The crime could be committed at this point or any other point on U. S. Highway No. 27 in Floyd County, Georgia, and even if there was a variance as to this, it was inconsequential. "Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated, and it must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence. But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage. . . There can be no good reason in requiring proof of allegations which are impertinent and useless; the identity of those which are essential to the claim or charge with the proof being all that is material." 1 Wharton Criminal Evidence (10th ed.), pp. 366, 367, §§ 138, 139.

The words, "at a point 3 miles south of Rome," in the indictment may, therefore, be disregarded or rejected, unless they have been made essential by being inseparably connected with the essential words, "U. S. Highway No. 27," so as to become a matter of essential description, or, in other words, descriptive of the identity of U. S Highway No. 27 with which they are connected and on which it is necessary to plead and prove that the crime was committed. State of Minnesota v. Heck, 23 Minn. 549.

We think that the words, "at a point 3 miles south of Rome," were not descriptive of the identity of U. S. Highway No. 27, but

referred merely to a place on U. S. Highway No. 27 in Floyd County, Georgia, where the crime was committed; and that it was not necessary to prove the words, "at a point 3 miles south of Rome," because they were mere surplusage and were not descriptive of the identity of U. S. Highway No. 27, on which it was essential to allege and prove that the crime was committed. *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519) ; *Shrouder* v. *State,* 121 *Ga.* 615 (49 S. E. 702).

The words, "at a point 3 miles south of Rome," do not enter into the substantive description of the offense. Thus, in 1 Wharton Criminal Evidence (10th ed.), p. 368, § 140, it is said: "Where a robbery was alleged to have been committed in the dwelling house of A B, it was held that a variance as to this was inconsequential, as the crime could be committed there or elsewhere."

The evidence authorized the verdict, and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*