53373. HAMPTON v. THE STATE.

SMITH, Judge.

The defendant, appellant, was indicted, tried and convicted of knowingly and wilfully obstructing and hindering a named law enforcement officer, who was in the lawful discharge of his official duties, by pointing a rifle at him. He was sentenced to twelve months in jail, the last six months to be served on probation, and assessed a fine of $500. He appealed to this court.

1. The enumeration of error as to the overruling of a plea in abatement and demurrer to the indictment cannot be considered as there is no demurrer or plea in abatement in the record sent to this court by the clerk of the court below, and upon inquiry we are informed there is none on file in the court below. See in this connection *Harris v. State,* 118 Ga. App. 848 (6) (166 SE2d 94); *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268). However, inasmuch as it appears such a plea and demurrer were ruled upon by the trial judge, we have examined the arguments presented, based upon what facts are in the record upon which such alleged plea and demurrer would operate, and find them without merit. *Lennard v. State,* 104 Ga. 546 (1) (30 SE 780); *Meriwether v. State,* 63 Ga. App. 667 (11 SE2d 816); *Price v. Cobb,* 63 Ga. App. 694 (5, 6) (11 SE2d 822); Code § 27-701; *Ramer v. State,* 76 Ga. App. 678 (1) (47 SE2d 174); Code § 27-1501; *Curtis v. State,* 102 Ga. App. 790 (1) (118 SE2d 264).

2. Error is enumerated on the alleged failure of the trial judge to grant a continuance based upon an alleged failure to supply a list of witnesses after demand was made. No motion for continuance appears in the record, nor does any demand except one made after the jury was selected and sworn, and that orally. Further, it appears,

and the trial judge so found, that a list of witnesses was furnished prior to the trial. All of these facts came out after the defendant complained of the alleged failure to furnish a list of witnesses after an alleged demand; but he made no motion for continuance. No error appears here.

3. Appellant further complains that his arrest without a warrant was illegal and contends that because of this his conviction was illegal. (a) The arrest was legal, the crime being committed upon the officers who immediately thereafter, and after persuading defendant to put the rifle down, arrested him. (b) And even if the arrest was illegal, this does not vitiate his trial and conviction if authorized by legal evidence.

4. The evidence was sufficient to authorize a verdict of guilty and there was no error in refusing to direct a verdict of acquittal.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED APRIL 7, 1977.

*Mitchell, Mitchell, Coppedge, Boyett & Wester, Terry L. Miller, James H. Bisson, III,* for appellant.
*Samuel J. Brantley, District Attorney, Steve K. Fain, Assistant District Attorney,* for appellee.