## 55193. McCOOK v. THE STATE.

DEEN, Presiding Judge.

McCook owned and was riding as a passenger in a truck driven by his 16-year-old brother-in-law when it came upon two police cars, one pulled off at each side of the road. The driver, Kulig, slowed as he passed, but according to his own testimony did not realize the officer walking across the road was signaling him to stop. On being called, he did stop and back up. He did not have a driver's license on his person, and stated that the car carrying the rest of his family was ahead down the road and he must have forgotten his license which was in a pants pocket in the other car. As to McCook, there is a conflict of testimony as to whether he got back in the car immediately on being told to do so by one of the troopers or

whether, as the other trooper testified: "I heard Trooper Adams tell McCook that he had already told him one or two times to get back in the truck. And Mr. McCook said that he wasn't under arrest and that he would stand anywhere that he wanted to. Trooper Adams told him that as of then he was under arrest for obstructing an officer. At that time, Mr. McCook went around the truck and got back in on the passenger's side. [Then Trooper Adams] went around and opened the door and told him to get out, and he wouldn't get out, he was slow about getting out and Trooper Adams reached in and got him by the arm and he got out then." Adams further testified that whenever he asked Kulig a question McCook interrupted him, that he was loud, that this hindered him in the performance of his duties, and he arrested him. At a point either just before or just after the arrest McCook observed that "if that's all of you son-of-a-bitches have got to do, you ain't got much to do."

All cases were tried together. McCook was acquitted of the offense of being drunk on the highway. He was convicted of a violation of Code § 68B-404, knowingly authorizing a motor vehicle owned by him to be driven by an unlicensed person. He was also convicted of a violation of Code § 26-2505, obstructing an officer. Kulig was convicted of driving without a license and acquitted of drunk driving. Only McCook appears here.

1. The jury verdicts establish that neither defendant was intoxicated. The evidence at the trial establishes that Kulig did indeed have a valid driver's license, from which it may be assumed that his explanation of leaving it in a pocket of clothing in the family car was true. While under Code § 68B-210 failure to show one's license on request of a law enforcement officer may give rise to the presumption that the driver does not have a valid license, this presumption is defeated where the license is produced at the trial. See Code § 68B-210 (c). There is not the slightest scintilla of evidence to controvert McCook's testimony that he knew Kulig had a license, and his further testimony that he was not aware that Kulig had left it in the other car. A conviction for violation of Code § 26-2505 must include evidence that McCook knew when he authorized Kulig to drive that he had no valid license

or that he was "in violation of any of the provisions of this Title." Assuming without deciding that if McCook knew Kulig was licensed but also knew he did not have the license on his person he could not legally authorize him to drive, there is no evidence that this state of facts existed. The conviction on this count is unauthorized.

2. Code § 26-2505 provides: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." The testimony of Officer Adams was that McCook interfered and interrupted him while he was trying to arrest Kulig; that he then told McCook he was under arrest and McCook went back around and got in his truck, and that McCook "thought I shouldn't arrest [Kulig] for not having a driver's license."

None of these statements adds up to an obstruction of justice. It was early held in *Statham v. State,* 41 Ga. 507, 512 (1871) (former Code § 26-4401: "knowingly and wilfully obstruct, resist, or oppose any officer," etc.) that mere remonstrance is insufficient. "We think the charge of the Court, that the prisoner was guilty if he resisted by argument, was too strong. It can hardly be said, fairly, to be resisting or opposing an officer to argue with him, unless that argument becomes violent so as to amount to something calculated to force the officer to desist." Cf. *Butler v. State,* 66 Ga. App. 665 (19 SE2d 177) (1942), advancing on the officer with a knife; *Hampton v. State,* 141 Ga. App. 866 (234 SE2d 698) (1977), pointing a rifle at an enforcement officer. Something more than mere disagreement or remonstrance must be shown. *Moses v. State,* 6 Ga. App. 251 (64 SE 699) (1909) explains that the words "obstruct, resist, or oppose" imply forcible resistance. "Obstruct" is given as a synonym for "hinder" in Webster's Unabridged Dictionary. And prior to *Moses* it was held in *Vince v. State,* 113 Ga. 1070 (39 SE 435) (1901) that refusing to obey a command to open a door did not "obstruct" the officer. We accordingly find the evidence here insufficient to warrant conviction.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted February 1, 1978 — Decided February 20, 1978.

6

*J. Laddie Boatright,* for appellant.
*Glenn Thomas, Jr., District Attorney, John P. Rivers, Assistant District Attorney,* for appellee.