## A96A0772. CARTER v. THE STATE.
### (474 SE2d 228)

RUFFIN, Judge.

Sally Carter was indicted for misdemeanor obstruction of an officer (OCGA § 16-10-24 (a)). The trial court denied Carter's motion for directed verdict, and the jury convicted her. Carter appeals the denial of her motion for directed verdict and the trial court's failure to charge the jury using the language specifically cited in her indictment. For reasons which follow, we affirm.

1. In her first two enumerations of error, Carter contends her motion for directed verdict on the charge of obstructing a law enforcement officer "by making threats and using abusive language" should have been granted because there was no evidence offered at trial of threats made by her or abusive language used by her. We disagree.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. [Cit.]" *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987). The evidence adduced at trial showed that Sergeant Walker of the Upson County Sheriff's Department was dispatched to a residence to investigate a possible theft. Upon arrival, Walker and the two individuals who had reported the theft began talking in front of the residence. Carter approached from the sidewalk and exclaimed, "I don't know what in the hell you're doing over here. We [have not] done a damn thing wrong. What the f— you want me for?" Walker testified that Carter was "[v]ery arrogant, unruly, [and] aggressive." Walker asked the two individuals who reported the incident if they could enter the residence and speak since the disturbance created by Carter was making it difficult to obtain information.

Once inside, Walker again attempted to obtain information from the reporting individuals when Carter and her daughter entered the residence and began making disruptive statements, including, "[w]e haven't taken a damn thing. You're not going to take us 'any motherf—ing where. We [have not] done a damn thing." Walker, who was in full uniform, repeatedly asked Carter and her daughter to leave the house, which was not their residence, but they refused.

Instead, Carter stated she was "going to get her shit and leave. [I] don't have to deal with this shit. . . . Don't even try to take me to jail." Walker, who still did not know what was stolen because of Carter's disturbance, asked Carter not to remove items from the residence until it was determined what, if anything, had been taken. Carter refused, continuing to make loud, unruly statements and using profane language. Walker testified he "had no control of the situation. I was unable to . . . find out exactly what had or had not been taken, if anything had been taken." In fact, Walker testified that due to Carter's disturbance, he was not able to get a report until after Carter had been arrested for obstruction and transported to the Sheriff's Department.

The offense of obstructing an officer is committed when "[a] person . . . knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties. . . ." OCGA § 16-10-24 (a). In the present case, Carter argues that although she may have used obscenities and offended the officer, she never made any verbal or physical threat of violence, precluding an essential element. She cites *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99) (1985). As we observed in *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596) (1995), "[s]uch reliance is misplaced, for *Moccia* was decided before the enactment of Ga. L. 1986, p. 484, which struck former OCGA § 16-10-24 in its entirety and replaced it with existing OCGA § 16-10-24. *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427). As currently enacted, 'the offense of misdemeanor obstruction under existing OCGA § 16-10-24 (a) no longer contains the element of "violence" as does the offense of felony obstruction under existing OCGA § 16-10-24 (b).' . . . [Cit.]" Thus, the mere fact that Carter's comments were not threats of violence does not preclude conviction under OCGA § 16-10-24 (a).

Whether Carter's comments were threats that hindered or obstructed the officer and whether Carter's comments constituted abusive language were for the trier of fact to decide. *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986). Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize a rational trier of fact to find Carter guilty beyond a reasonable doubt of the offense of misdemeanor obstruction of an officer. The trial court thus properly denied Carter's motion for directed verdict of acquittal.

2. Carter further enumerates as error the denial of her motion for directed verdict since there was no evidence that she uttered threats and used abusive language *while being taken into custody*, as the indictment alleges. The record shows that the indictment charged Carter with obstructing a law enforcement officer "by mak-

ing threats and using abusive language while being taken into custody."

Contrary to Carter's assertion, the language "while being taken into custody" is not a material allegation in the indictment which the State is required to prove beyond a reasonable doubt. It is not necessary for the State to prove the time period when the offense was committed; "it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties. [Cits.]" *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985). Thus, the phrase "while being taken into custody" "might be entirely omitted without affecting the charge and without detriment to the indictment." *Robinson v. State*, 76 Ga. App. 313, 314 (45 SE2d 717) (1947). Such phrases "are considered as mere surplusage, and may be disregarded in evidence." Id. Based on the foregoing, the trial court properly denied Carter's motion for directed verdict on this ground.

3. In her fourth enumeration of error, Carter asserts the trial court erred in failing to direct a verdict since her statements to the officer constituted speech protected by the First Amendment to the United States Constitution. Carter cites no authority for this assertion, and this enumeration is wholly without merit. OCGA § 16-10-24 clearly covers verbal exchanges. See, e.g., *Duke*, supra.

4. In her last enumeration of error, Carter contends the trial court erred in failing to charge the jury that she was accused of obstructing a law enforcement officer "by making threats and using abusive language while being taken into custody," as the indictment alleged. According to Carter, failure to charge the jury as alleged in the indictment misled the jury into believing it could convict her of obstruction by proof of facts not alleged in the indictment. We find this argument lacks merit.

The trial judge did instruct the jury that it must find Carter guilty of obstruction as alleged in the indictment. The trial judge first instructed the jury on obstruction by reading the Code section. Then, the trial judge charged the jury as follows: "if . . . you should find and believe beyond a reasonable doubt . . . that this accused did commit in Upson County the offense of obstruction of an officer as alleged in the indictment, you would be authorized to find the accused guilty." We conclude the charge as given, considered as a whole, communicated all the elements of misdemeanor obstruction in a manner not likely to mislead the jury. *Brown v. State*, 197 Ga. App. 365, 366 (2) (398 SE2d 424) (1990). Accordingly, we find this argument to be without merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JULY 15, 1996 —
RECONSIDERATION DENIED AUGUST 5, 1996 —

*Michael B. King*, for appellant.
*William T. McBroom III, District Attorney, Chad D. Graddy, Assistant District Attorney*, for appellee.