A97A0429. STEPHERSON v. THE STATE.
(483 SE2d 631)

Judge Harold R. Banke.

Valeria Stepherson was convicted of two counts of misdemeanor

obstruction of an officer. On appeal, she enumerates three errors.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Sims v. State*, 266 Ga. 764, 765 (1) (470 SE2d 886) (1996). During the early morning, a radio dispatcher informed Sergeant Lawrence Moseley that several black males in a Cadillac had fired some shots at a local tire company. Moseley spotted a Buick in the area and attempted to stop it. After winding down several side streets and alleys with the officer in pursuit, the Buick finally pulled over in front of Stepherson's house.

As the officer approached the car, a hostile crowd, incensed he had targeted a group of African Americans, gathered. Stepherson emerged from the crowd and ordered the officer from her property. Several more officers arrived on the scene, and Stepherson escalated her involvement, swearing loudly at the officers, despite repeated requests that she be quiet and not agitate the crowd. Officer Ben Robinson attempted to arrest Stepherson after she directed her profanity at him (and his mother). After Stepherson backed away, flailing her arms, Robinson and Officer Mike Hargrove took her arms to escort her to a patrol car. When she continued to resist, the officers attempted to place her face down on the ground to handcuff her. During the ensuing struggle, Stepherson kicked Hargrove in the groin and placed her mouth on Robinson's calf, but he jerked his leg away before sustaining any injury.

After the officers handcuffed her and sat her in the car, Stepherson began hyperventilating. The officers then received another call. Because they were short-handed and knew the jail would not accept Stepherson without one of them taking her for a physical examination to investigate her breathing problem, they decided to release her and take her into custody later.

Two days after this incident, Hargrove and Officer Lisa Naia obtained warrants for Stepherson's arrest. Stepherson was charged with two counts of felony obstruction of an officer. *Held*:

1. The trial court did not err in excluding evidence of Stepherson's civil action arising from this incident which she commenced against Hargrove, Robinson, the City of Jesup and Wayne County several weeks after the accusation was filed. Stepherson maintains the evidence was admissible to prove the police did not take her into custody until the city received ante litem notice of her civil suit, a fact she claims undermines the State's witnesses' credibility and reveals the motive underlying her prosecution.

The record, which shows that the arrest warrant was sworn out two days after the incident, refutes this contention. Further, Stepherson's legal authority for this proposition, all cases in which the State's witnesses sued the accused based on the same facts involved in the prosecution, is factually distinguishable. Compare,

e.g., *Boggs v. State*, 195 Ga. App. 605, 606 (394 SE2d 401) (1990). Moreover, the State's motive for bringing this action is not at issue here. Although Stepherson's allegations warrant careful consideration in the civil action, we cannot say the trial court abused its discretion in concluding that they were irrelevant to the criminal charges. *Nichols v. State*, 221 Ga. App. 600, 602 (4) (473 SE2d 491) (1996).

2. The trial court did not err by admitting the warrants for Stepherson's arrest. Notwithstanding Stepherson's argument to the contrary, *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) did not require the State to provide her with the warrants because they were not exculpatory. Moreover, inasmuch as witnesses testified to the dates and content of the warrants without objection, Stepherson could not demonstrate a reasonable probability that disclosure of the warrants would have altered the outcome of the proceedings, an essential element of a *Brady* violation.[1] *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994).

3. The evidence, viewed in the light most favorable to the verdict, would permit a rational trier of fact to find all the essential elements of the offense. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The elements of misdemeanor obstruction of an officer are the knowing and wilful hindrance of any law enforcement officer lawfully discharging his or her duties. OCGA § 16-10-24 (a). Even verbal exchanges may be sufficient to establish the hindrance element. *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). Thus, the testimony that Stepherson purposefully kicked and attempted to bite the officers as they were assisting in the investigation was sufficient to support the jury's verdict.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 5, 1997.

*James A. Yancey, Jr.*, for appellant.
Valeria Stepherson, *pro se*.
*Glenn Thomas, Jr., District Attorney, John B. Cloy, Assistant District Attorney*, for appellee.

---

[1] We also observe that it does not appear from the record that Stepherson elected to have the discovery rules in OCGA § 17-16-1 et seq. apply to these proceedings.