A97A2047. LARKIN v. THE STATE.
(495 SE2d 605)

Judge Harold R. Banke.

Enumerating two errors, Samuel D. Larkin, a City of Atlanta police officer, appeals his conviction for obstruction of a law enforcement officer.

The evidence, when viewed in a light to support the verdict, showed that the underlying events arose after Paula Larkin, the appellant's wife, pulled into a parking place at a Hi-Fi Buys store. After she blew the car's horn, a confrontation erupted between her passengers, Larkin and his brother-in-law, Twain Wellons, and some individuals walking through the parking space. Larkin leaped out and grabbed one of the men. Wellons jumped out armed with a gun in his hand. When Officer Michael Wyatt responded to the altercation, one of the victims reported that the male in the back seat had pulled a gun. Larkin falsely informed Wyatt that the gun involved in the confrontation was his own service revolver located under his jacket in its holster. The other individuals at the scene insisted that the gun in Larkin's shoulder holster was not the one the passenger had used. At this point, Larkin stated that the handgun, his "back-up weapon" was in his vehicle, blocked Wyatt's access to the car and refused to surrender the gun. Wyatt summoned his supervisor for assistance. When the backup officers arrived, Larkin hindered them from arresting Wellons. Investigators subsequently determined that the weapon used in the incident was not Larkin's service revolver but a gun reported as stolen. In a separate proceeding, Wellons pleaded guilty to theft by receiving. *Held*:

1. The trial court did not err in denying Larkin's motion for directed verdict as to the offense of misdemeanor obstruction of a law enforcement officer. The essential elements of that crime are: (1) knowingly and willingly obstructing or hindering, (2) any law enforcement officer, (3) in the lawful discharge of his official duties. OCGA § 16-10-24 (a). The State's evidence showed that Larkin lied about the gun to Wyatt, denied Wyatt access to the weapon, refused Wyatt's command to return to his car, created a disturbance, and hin-

dered police from arresting his brother-in-law. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to sustain the denial of the motion for directed verdict. See *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996) (denial of directed verdict reviewed by sufficiency standard).

Larkin's reliance on such outdated cases as *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99) (1985) is misplaced. Misdemeanor obstruction no longer contains the element of violence. *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596) (1995).

2. Larkin contends that the trial court committed reversible error by admitting testimony about the stolen gun and State's Exhibits 6 and 7. He claims that the admission of this irrelevant evidence was highly prejudicial and likely contributed to his conviction. See *Hill v. State*, 177 Ga. App. 850, 851 (1) (341 SE2d 322) (1986); OCGA § 24-2-1.

The testimony that Larkin lied about the use of his service revolver and admitted to owning a gun later determined to have been stolen was admissible as part of the res gestae. OCGA § 24-3-3. The fact that this evidence may have indicated the commission of a separate crime or incidentally placed Larkin's character in issue did not render it inadmissible. *Martin v. State*, 219 Ga. App. 277, 280 (2) (c) (464 SE2d 872) (1995).

Although Larkin claims that the trial court erred in admitting Exhibit 6, the record shows that it was admitted without objection which forecloses appellate review. *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994). In any event, this exhibit, a copy of Wellons' guilty plea to pointing a pistol at another, was admissible to impeach Paula Larkin who testified that Wellons never had a gun during the incident. OCGA § 24-9-82. See *Morris v. State Farm Mut. Auto. Ins. Co.*, 203 Ga. App. 839, 842 (9) (418 SE2d 119) (1992).

Nor do we find that the admission of Exhibit 7, consisting of the original indictment, the nolle prosse, and the transfer order to state court was reversible error.[1] Larkin's counsel asked repeated questions to officers about which charges the police filed and how long the case had been pending, and about delays in bringing the charges. After defense counsel elicited the fact that the State did not institute the obstruction charges until after Larkin filed an internal affairs complaint about the treatment of his family, the trial court ruled that the State was entitled to explain the procedural history of the

---

[1] The indictment charged Wellons with aggravated assault, pointing a pistol at another, and theft by receiving. It charged Larkin with simple battery and theft by receiving. Part of the exhibit showed that when Wellons pleaded guilty to theft by receiving, he stated that Larkin was unaware that the handgun had been stolen.

case since defense counsel had opened the door by insinuating that the initiation of the obstruction charges was retaliatory. The prosecutor was permitted to state in her place the history of the case, the transfer from superior court to state court, and that it was her decision, not the police department's, to bring the obstruction charges. Under these circumstances, we are not able to find that the trial court abused its discretion. See *Sorrells v. State*, 267 Ga. 236, 239 (2) (476 SE2d 571) (1996).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 9, 1998

*Daniel F. Byrne*, for appellant.
Samuel D. Larkin, *pro se*
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.