## A00A1994. BALLEW v. THE STATE.
(538 SE2d 902)

ELDRIDGE, Judge.

A Banks County jury convicted Harold Ray Ballew of a single count of obstruction of an officer.[1] The superior court thereafter sentenced him to 12 months confinement to be served on probation. Defendant appeals from the superior court's order denying his motion for new trial. *Held*:

Viewed in a light most favorable to the verdict, the evidence pertinently shows that in the early evening of August 23, 1998, Banks County Deputy Sheriff Richard Vickery was dispatched to a county residence located at 326 Rattle Trap Road upon a 911 call from area residents reporting a knife fight between two men. On his arrival, the residents told Deputy Vickery that one of the men in the fight had been severely cut and that both men had driven off toward the dead-end of Rattle Trap Road in a purple or burgundy car. On this information, Deputy Vickery proceeded to the end of Rattle Trap Road, stopping at defendant's residence where he saw a burgundy, four-door Mercury. As he arrived, Deputy Vickery observed that the defendant and Donna Huntsinger, defendant's common law wife were in the yard, arguing. The defendant was disheveled, appeared agitated, but did not appear to be wounded. Huntsinger held a bloody rag against her face.

Deputy Vickery explained that he was present to investigate the knife fight. For his part, defendant responded asking if there was a search warrant and by ordering Deputy Vickery off his property saying only, "You're trespassing[;] this is a private matter[;][2] get off my property[;] you have no business here." Deputy Vickery attempted to question defendant's wife, but the defendant stepped between them, instructing her to go in the house and to lock the door. This, however, was not the basis of the charge of obstruction. After three to five minutes had elapsed, Sergeant Brian Hall arrived, and as Sergeant Hall attempted to question the defendant, Deputy Vickery looked around the residence. In doing so, he found blood leading to the steps, pools of blood on the front porch, and, though he did not go inside the Mercury, he observed what he believed were wet spots therein.

---

[1] "An act directly tending to interfere with, interpose obstacles or impediments, hinder, impede, interrupt in any manner, or prevent or pervert the public administration of justice constitutes obstruction of the police in performing their lawful duty. See OCGA § 16-10-24; *Baker v. State*, 122 Ga. App. 587, 588-589 (1), (4) (178 SE2d 278) (1970)." *Woodward v. Gray*, 241 Ga. App. 847, 849 (a) (527 SE2d 595) (2000).

[2] At trial, defendant and Huntsinger testified, in substantial part, that Huntsinger and her son had argued; that the son struck her causing her facial injuries; that defendant cursed the son as he ran from the scene; that the son returned, striking defendant with a concrete block; and that the fight between the two then took place.

The defendant refused to answer Sergeant Hall's questions, and before Sheriff Charles Chapman arrived on the scene some minutes later, Deputy Vickery and Sergeant Hall took the defendant into custody, placing him in handcuffs. Thereafter, the defendant's wife consented to a search of the residence. No one was found, injured or otherwise. Later, defendant was charged by accusation with obstruction of an officer in that he "did unlawfully, knowingly and willfully obstruct and hinder [Sergeant Hall], a law enforcement officer in the lawful discharge of his duties by refusing to allow him to search his home for persons needing medical assistance. . . ."

1. Defendant contends that the superior court erred in denying his motion for directed verdict of acquittal for the failure of the evidence to show more than a verbal exchange not accompanied by verbal or physical threat of violence. We agree. "A mere verbal exchange with an officer accompanied by no verbal or physical threats of violence does not constitute violation of OCGA § 16-10-24. *Moccia v. State*, 174 Ga. App. 764, 765 (331 SE2d 99) (1985), [questioned on other grounds, *Carter v. State*, 222 Ga. App. 397, 398 (1) (474 SE2d 228) (1996), *Larkin v. State*, 230 Ga. App. 129, 130 (1) (495 SE2d 605) (1998) (violence no longer an element of misdemeanor obstruction)[3]]." *In re G. M. M.*, 179 Ga. App. 800, 802 (1) (348 SE2d 126) (1986). Certainly the assertion of one's constitutional rights cannot be an obstruction of an officer, or every assertion of such rights would lead to obstruction charges.

On cross-examination, defendant's counsel asked Sergeant Hall if the defendant had struck him, swung at him, pushed him, hit him, or threatened to injure him in any way. Sergeant Hall responded that the defendant had only ordered him off his property for trespassing and violating his "constitutional rights," indicating that what had occurred was "a private matter," i.e., the matters between Huntsinger and her son. There is nothing to the contrary in the record. Defendant does not contend, nor do we find, that Sergeant Hall was not in the lawful discharge of his duties when the defendant was stopped and later taken into custody.[4] Further, that Sheriff Chapman testified that the defendant cursed Deputy Vickery and Sergeant

---

[3] *Leckie v. State*, 231 Ga. App. 760, 761 (500 SE2d 627) (1998) and *Stepherson v. State*, 225 Ga. App. 219, 221 (3) (483 SE2d 631) (1997), contain "dicta that verbal exchanges can constitute obstruction, but cite as authority for this *Duke v. State*, [205 Ga. App. 689 (423 SE2d 427) (1992)], which holds, instead, that lying to the police can constitute obstruction. In these cases, the basis for obstruction was physical resistance to an arrest for disorderly conduct." *Woodward v. Gray*, supra at 849, n. 1.

[4] "A police officer . . . is not discharging his or her lawful duty when [he or] she makes an arrest of an individual without reasonable and probable cause or stops an individual without specific articulable suspicion. . . . *Wynn v. State*, 236 Ga. App. 98, 99 (2) (511 SE2d 201) (1999); *Brown v. State*, 163 Ga. App. 209, 212 (4) (294 SE2d 305) (1982)." *Woodward v. Gray*, supra.

Hall as the defendant asked them to leave his property is here insignificant. "For speech to rise to the level of obstruction, it must be reasonably interpreted to be a threat of violence to the officer, which would amount to obstruction or hindrance. [Cits.]" *Woodward v. Gray*, 241 Ga. App. 847, 849 (a) (527 SE2d 595) (2000).

> [T]o argue with, curse loudly at, to verbally interrupt a police officer while making the arrest of another does not constitute obstruction of a police officer. See *Moccia v. State*, [supra at 764]; see also *Statham v. State*, 41 Ga. 507, 513 (3) (1871); *McCook v. State*, 145 Ga. App. 3, 5 (2) (243 SE2d 289) (1978).

Id.

> The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. *Harvey v. State*, 212 Ga. App. 632, 634 (442 SE2d 478) (1994).

*Cody v. State*, 222 Ga. App. 468, 470 (1) (474 SE2d 669) (1996). Because the evidence in the case shows only a verbal exchange without accompanying threats, *Woodward v. Gray*, supra; *In re G. M. M.*, supra, the superior court erred in denying defendant's motion for directed verdict of acquittal for want of evidence of the charged offense. See *Cody v. State*, supra.

2. In light of our disposition of Division 1, we need not address defendant's remaining claims of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 8, 2000

*Harvey, McCormack & Free, Paula O. Free, Benjamin C. Free*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.