### A04A1647. COOPER v. THE STATE.
(606 SE2d 869)

MILLER, Judge.

A jury found Sonja Cooper guilty on two counts of misdemeanor obstruction of a law enforcement officer. Following the denial of her motion for new trial, Cooper appeals, arguing that the evidence was insufficient to support the verdict and that the trial court should have granted her motion for a directed verdict of acquittal. We disagree and affirm.

"[T]he test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations omitted.) *Short v. State*, 234 Ga. App. 633, 634 (507 SE2d 514) (1998). When a defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and do not weigh the evidence or judge witness credibility. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We determine only whether there was sufficient evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. Id.

Viewed in the light most favorable to the verdict, the evidence showed that officers knocked on the door of Cooper's home, attempting to execute both a search warrant and an arrest warrant. Cooper partially opened the door and stood in the opening. Officers explained that they had a warrant and that they needed to gain entry to the home. Cooper then attempted to shut the door, but officers pushed the door open, forcing Cooper into the front room. Cooper began yelling at the officers, screaming that they had no right to be in her home. She stood face-to-face with one officer while yelling, and pointed her finger in the face of another officer. Cooper also blocked a hallway, forcing officers to move her to the side so that they could search the

rest of the home. Concerned that Cooper would become more confrontational, officers called for backup. Cooper was told several times by several different officers to sit down and remain in one place, but was uncooperative. Once officers located the subject of the warrants, they arrested Cooper for obstruction.

OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Here, it is undisputed that officers were in the lawful discharge of their duties in executing the warrants. Cooper argues, however, that she did not threaten or strike the officers and that the verbal exchange is insufficient to sustain an obstruction conviction. Cooper is correct that "[a] mere verbal exchange with an officer accompanied by no verbal or physical threats of violence does not constitute violation of OCGA § 16-10-24." (Citations omitted.) *Ballew v. State*, 245 Ga. App. 842, 843 (1) (538 SE2d 902) (2000). "For speech to rise to the level of obstruction, it must be reasonably interpreted to be a threat of violence to the officer, which would amount to obstruction or hindrance." (Citations omitted.) Id. at 844. Here, however, officers were forced to call for backup because they were concerned that Cooper's yelling and confrontational demeanor would escalate. Cooper not only constantly yelled at officers, but also stood face-to-face with at least one officer while doing so, and pointed her finger in the face of another officer. After being told to sit down, Cooper stood in the hallway, blocking the officers from quickly securing the rooms and locating the subject of the warrants, and jeopardizing the officers' safety. This evidence was sufficient to show that Cooper hindered the officers in the lawful discharge of their official duties by resisting entry into her residence and disobeying lawful commands as alleged in the accusation. See *Evans v. State*, 250 Ga. App. 70, 71-72 (1) (550 SE2d 118) (2001) (obstruction conviction sustained where defendant warned those approaching home that police were present as officers waited for people to approach house to buy drugs). As the evidence was sufficient to sustain the conviction, the trial court did not err in denying Cooper's motion for a directed verdict. See *Augustin v. State*, 260 Ga. App. 631, 633 (1) (580 SE2d 640) (2003).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 5, 2004.

*Eric R. Johnson II, Corinne Mull-Milsteen*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Jennifer E. Stolarski, Mirza Q. Baig, Assistant Solicitors-General,* for appellee.