A07A0386. HELTON v. THE STATE.
(644 SE2d 896)

ELLINGTON, Judge.

A Coweta County jury found Charles E. Helton guilty of felony obstruction of a police officer, OCGA § 16-10-24 (b), and interference with government property, OCGA § 16-7-24. Helton appeals from the denial of his motion for new trial, contending the court erred in denying his motion for a directed verdict of acquittal and in giving or refusing to give certain jury instructions. Finding no error, we affirm.

1. As we have held,

[a] motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences there-from demands a verdict of acquittal as a matter of law. On appeal from the denial of a motion for directed verdict of acquittal, the reviewing court is not limited to considering

---

[3] Id.
[4] See id.

only evidence presented in the case-in-chief, but may consider all the evidence in the case and must consider that evidence in the light most favorable to the verdict.

(Punctuation and footnotes omitted.) *Reynolds v. State*, 265 Ga. App. 776 (595 SE2d 606) (2004). So viewed, the record reveals the following evidence.

During the evening of July 1, 2005, Helton and his brother were drinking heavily at the City Limits Bar & Grill in Coweta County. When they became drunk and disorderly, which included cursing loudly and vomiting, bar personnel asked an off-duty Coweta County Sheriff's deputy to assist them in dealing with the brothers. The deputy, who worked an extra job as a security officer for the bar, observed Helton using profanity and acting drunk and disorderly. The deputy, who was attired in his black sheriff's office shirt and pants, full service belt and firearm, and sheriff's hat, approached the brothers and asked them to step outside for a minute. Instead of complying, Helton's brother got angry and yelled "I ain't going no fucking where." Helton, "looking like a mad dog" and reeking of alcohol and vomit, forcefully grabbed the deputy's arm, attempting to pull the deputy to the ground, while Helton's brother attacked the deputy from behind and reached for his pistol. After several minutes of wrestling, the deputy and other security guards subdued Helton and his brother and took them outside to separate patrol cars. The brothers resisted the entire time. While the deputy was writing up the charges, Helton kicked out one of the windows of the patrol car he had been placed in. The patrol car is the property of the Coweta County Sheriff's Department. Helton denied grabbing or touching the officer and testified that he was forcibly handcuffed and then beaten.

OCGA § 16-10-24 (b) provides that any person who "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer" commits the offense of felony obstruction. OCGA § 16-7-24 (a) provides that a "person commits the offense of interference with government property when he destroys, damages, or defaces government property."

Helton contends his acts of violence and destruction were merely efforts to resist an unlawful arrest because the deputy was acting as a private citizen and not in his capacity as a police officer. As we have held, "[in addition to their other duties], all law enforcement officers have the general duty to enforce the law and maintain the peace. They carry this duty twenty-four hours a day, on and off duty." *Duncan v. State*, 163 Ga. App. 148 (1) (294 SE2d 365) (1982). The key question is whether the deputy was acting solely in his capacity as an

employee of the bar or in his official capacity as a peace officer, executing his duty to uphold the criminal law and to prevent a breach of the peace, when he intervened and arrested Helton. *Carr v. State*, 176 Ga. App. 113, 114-115 (1) (335 SE2d 622) (1985).

Here, the deputy witnessed Helton violate the law. Helton appeared drunk and was acting in a violent and tumultuous manner in violation of OCGA § 16-11-39 when the deputy approached him and asked him to step outside the bar. Before the deputy took any action that could be construed as an arrest, Helton and his brother physically assaulted him. After the deputy arrested Helton, Helton continued to resist, obstructing the officer in the lawful exercise of his duties. This evidence was sufficient for the jury to find, beyond a reasonable doubt, that the deputy was acting in the lawful discharge of his duties. See *Carr v. State*, 176 Ga. App. at 114-115 (1). See also *Frayall v. State*, 259 Ga. App. 286, 288-289 (2) (576 SE2d 654) (2003) (off-duty officer authorized to intervene in fight). Further, the evidence supports a finding, beyond a reasonable doubt, that Helton damaged government property. *Dickerson v. State*, 180 Ga. App. 852, 853 (350 SE2d 835) (1986) (defendant who kicked out windows on patrol car guilty of damaging government property). Consequently, the trial court did not err in denying Helton's motion for a directed verdict of acquittal.

2. (a) Helton contends the trial court erred in refusing to give his request to charge on the lesser included offense of reckless conduct. Reckless conduct is defined as

> caus[ing] bodily harm to or endanger[ing] the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that [the actor's] act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b). In this case, Helton testified that he did not touch the deputy; rather, he claimed a bouncer handcuffed him and then the deputy and other officers beat him. The State, on the other hand, adduced evidence establishing all of the elements of the offense of felony obstruction. Given this evidence, Helton either intentionally obstructed the deputy or was the victim of an assault. Because there was no evidence raising the lesser offense of reckless conduct, the court did not err in refusing to give a charge on the reckless conduct as a lesser offense. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

(b) Helton also contends the trial court's charge on obstruction was incomplete because it "failed to clearly instruct the jury that knowledge that the officer was acting as a police officer was an essential element of the crime." The charge given, however, instructed the jury that a person commits the offense of obstruction when he "knowingly and willfully obstructs or hinders a law enforcement officer in the lawful discharge of his official duties." Helton has cited no authority holding that an obstruction charge should inform the jury of anything beyond this knowledge requirement or expand it as he suggests. Because the court's obstruction charge was legally correct, we find no error. See *Green v. State*, 240 Ga. App. 774, 775-777 (1) (525 SE2d 154) (2000).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 4, 2007.

*Mark A. Hinds, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Bruce P. Dutcher, Assistant District Attorney*, for appellee.