A08A2124. STRYKER v. THE STATE.
(677 SE2d 680)

ADAMS, Judge.

Patrick Stryker appeals from his conviction in a bench trial of the misdemeanor offense of obstruction of an officer. We affirm.

On October 6, 2007, Sergeant Richard Harned of the Henry County Police Department was in uniform while working an approved off-duty job at a package store. In that position, Harned provided parking lot and general security for the store. At some point, Harned detained Stryker's girlfriend, Jamie Lynn Hart, for shoplifting. Stryker arrived about 15 minutes later and asked the officer what was going on. Harned told him that he was going to arrest Hart for shoplifting, and Stryker asked about Hart's car, which was in the parking lot. Harned replied that he did not need to tow the car at that point, but he had some paperwork to complete, which would require checking the car's registration. He said that after he finished, he would release the car to Stryker. At that point, Stryker leaned in close to Hart, and they had a whispered conversation. Stryker then left to go outside, and Harned told him and another man who was with him not to do anything with Hart's car.

After an on-duty officer arrived on the scene, Harned went outside where he discovered that Hart's car and the other man were gone. Stryker remained and was standing just outside the doors of the store. Harned asked him where the car was, and he said his friend had taken it. Harned reminded Stryker that he had told them not to move the car and asked why the friend had driven it away. Stryker replied that there were two women passengers and a dog in the car, who were "freaking out." Stryker said he told the other man to take them home.

Harned asked Stryker to call the man and tell him to bring the car back. Stryker then phoned someone he called "Chris" to relay the officer's message. After about 35 minutes, the officer himself spoke to "Chris," who told him that he was taking the women home. About one hour into their wait for the car, Harned placed Stryker under arrest for obstruction. Harned said that due to the continuing delays and the misinformation, he believed Stryker was willfully hindering his investigation. The car was eventually returned about 20 minutes later by a third man. A subsequent registration check

revealed that the car was uninsured, and Harned had it impounded.

Stryker raises a number of enumerations on appeal, but primarily argues that these facts were insufficient to justify his arrest or to support his conviction for obstruction. To establish misdemeanor obstruction under OCGA § 16-10-24, it is "essential that the State prove beyond a reasonable doubt that the obstruction was knowing and wilful, and that it occurred while the officer was in the lawful discharge of his official duties." (Citations and punctuation omitted.) *Holt v. State*, 227 Ga. App. 46, 48 (487 SE2d 629) (1997).

Stryker argues that his conviction must fail because Harned was not on duty at the time of his arrest and thus could not have been acting in the lawful discharge of his official duties. But this Court has recognized that "all law enforcement officers have the general duty to enforce the law and maintain the peace. They carry this duty twenty-four hours a day, on and off duty." *Duncan v. State*, 163 Ga. App. 148 (1) (294 SE2d 365) (1982). Because Harned was off-duty, however, the question arises whether he "was acting solely in his capacity as an employee of the [store] or in his official capacity as a peace officer, executing his duty to uphold the criminal law and to prevent a breach of the peace, when he . . . arrested [Stryker]." (Citation omitted.) *Helton v. State*, 284 Ga. App. 777, 778-779 (1) (644 SE2d 896) (2007). Although Harned was on the premises in his capacity as an employee, he was acting in the exercise of his official duties when he detained Hart on suspicion of shoplifting and assisted the on-duty officers in the investigation of that crime. See *Carr v. State*, 176 Ga. App. 113, 114-115 (1) (335 SE2d 622) (1985); *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985) (off-duty officer who assists on-duty officers in effecting an arrest acted in the discharge of his lawful duty).

Stryker further argues that merely telling his friend to drive away with the car was not illegal, because words alone cannot constitute obstruction. In support of this argument, he relies upon a number of cases construing an older version of OCGA § 16-10-24, under which force or violence was considered an essential element of the misdemeanor offense of obstruction. See, e.g., *Moccia v. State*, 174 Ga. App. 764, 765 (331 SE2d 99) (1985); *McCook v. State*, 145 Ga. App. 3 (2) (243 SE2d 289) (1978); *Vince v. State*, 113 Ga. 1070 (39 SE 435) (1901); *Statham v. State*, 41 Ga. 507, 512 (3) (1871). But these cases have no application here because force is no longer an element of misdemeanor obstruction. Stryker's reliance upon them is therefore misplaced

for [these cases were] decided before the enactment of Ga. L. 1986, p. 484, which struck former OCGA § 16-10-24 in its entirety and replaced it with existing OCGA § 16-10-24.

As currently enacted, "the offense of misdemeanor obstruction under existing OCGA § 16-10-24 (a) no longer contains the element of violence as does the offense of felony obstruction under existing OCGA § 16-10-24 (b)."

(Citations omitted.) *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596) (1995). See also *Larkin v. State*, 230 Ga. App. 129, 130 (1) (495 SE2d 605) (1998); *Carter v. State*, 222 Ga. App. 397, 398 (1) (474 SE2d 228) (1996).[1] The fact that Stryker's words alone resulted in his arrest and conviction, therefore, does not in and of itself warrant reversal.

Rather, we must look to the totality of the circumstances to determine if his arrest was authorized. *Martin v. State*, 291 Ga. App. 363, 365 (1) (b) (662 SE2d 185) (2008). "An arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in such officer's presence or within such officer's immediate knowledge. . . ." OCGA § 17-4-20 (a). The legality of the arrest depends upon whether Harned had probable cause, that is "whether at the moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." (Citation omitted.) *Swicord v. State*, 293 Ga. App. 545, 546 (1) (667 SE2d 401) (2008). In this case, after Harned explained that he needed to check the car's registration to complete his investigation, Stryker had a whispered conversation with his girlfriend. Then Stryker directed his friend to leave in the car after Harned specifically told them not to move it. Later, it took approximately one hour and twenty minutes before the car was returned. These facts would entitle a reasonably prudent person to believe that Stryker and the other man were intentionally obstructing his investigation, thus justifying Stryker's arrest.

And whether Stryker's words "had the effect of hindering or impeding the officer is a decision for the trier of fact." (Citation and punctuation omitted.) *Reed v. State*, 205 Ga. App. 209, 212 (4) (422 SE2d 15) (1992). See also *Carter v. State*, 222 Ga. App. at 398 (1). We find the evidence, when considered as a whole, sufficient to allow the trial judge to find beyond a reasonable doubt that Stryker was guilty

---

[1] We hereby disapprove the cases of *Woodward v. Gray*, 241 Ga. App. 847, 849 (a) (527 SE2d 595) (2000); *Ballew v. State*, 245 Ga. App. 842, 843-844 (1) (538 SE2d 902) (2000); and *Cooper v. State*, 270 Ga. App. 346, 347 (606 SE2d 869) (2004), to the extent that they imply that misdemeanor obstruction still requires proof of "forcible resistence" or "threat of violence." The *Woodward* opinion improperly relied upon cases decided under the prior version of the statute, which had no application to the law in effect at the time the case was decided, and the other cases stem from *Woodward*.

of obstruction.

Notwithstanding Stryker's argument to the contrary, *Coley v. State*, 178 Ga. App. 668 (344 SE2d 490) (1986) is distinguishable. In that case, officers were investigating a possible domestic violence incident when they directed Coley to move away from his truck. He initially disobeyed the officers' orders, but then turned and walked away toward his house where officers subdued him. There was no evidence, however, that Coley's actions had the effect of removing evidence he knew the police needed. Although police suspected Coley had a gun, a search revealed nothing on his person. In contrast, Stryker directed the removal of the car when he knew Harned wanted to see it, and the car was eventually proven to be in violation of Georgia's insurance requirements.

*Judgment affirmed. Miller C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Barnes, Ellington, Phipps, Mikell, Bernes and Doyle, JJ., concur.*

DECIDED MARCH 27, 2009 —
RECONSIDERATION DENIED APRIL 14, 2009 — ▮▮▮▮▮▮▮▮

*Kenneth J. Rajotte*, for appellant.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.